Day et al. *vs.* Lafferty.

---

## DAY AND OTHERS *vs.* LAFFERTY.

Where an instrument is signed by a partnership name, with a seal after it, it is properly described in the declaration as the bond of the individual members of the firm.

A signature and sealing, in the name of the firm, with a single seal, is good, and binds all the partners who are present, or assent to the execution. If none but the executing partner assent, it is still good as to him.

In a suit on such a bond, a plea of payment by all the partners, necessarily admits its execution by all.

Pleas stricken out by the Court, form no part of the record, unless made so by bill of exceptions.

If a party covenants to pay in specific articles, he must meet his contract *at the time* and *in the manner* specified.

Tender cannot be made *after the day*, unless the damages are capable of being reduced to certainty, by computation.

Therefore, a plea of tender, after the day, is not good, in case of a note payable in specific articles. The damages cannot be ascertained by computation.

And such is the rule on a note payable in current Arkansas bank notes.

THIS was an action of covenant, determined in the Independence Circuit Court, in December, 1841, before the Hon. THOMAS JOHNSON, one ·of the Circuit Judges. Lafferty was the plaintiff below. The declaration charged that the defendants below, merchants and partners in trade, doing business under the name, style, and firm of Day, Williams & Co., on the 25th day of December, 1840, executed their certain writing obligatory, sealed with their seals, by their partnership name of Day, Williams & Co., promised, by the first day of April then next, to pay said plaintiff $129 50, for value received, payable in current Arkansas Bank notes. Upon oyer, the writing appeared as follows: "$129 50. By the first of April next, we promise to pay Lorenzo D. Lafferty one hundred and twenty-nine dollars and fifty cents, for value received, payable in current Arkansas Bank notes. Witness our hands and seals, this 24th December, 1840;" signed, *Day, Williams & Co.*, with a seal.

The defendants demurred to the declaration, for variance. The demurrer was overruled. Upon which, they pleaded failure of consideration, tender, and payment. The first plea was stricken from the rolls, on motion. A demurrer sustained to the second, because the action sounds in damages, and tender not made, on the day of payment. A second plea of failure of consideration was stricken out, and issue taken upon the plea of payment; upon which, there was a verdict and judgment against the plaintiffs in error.

*W. Byers*, for the plaintiffs in error, argued, that the pleas stricken out were good.

*D. Walker*, contra.

*By the Court*, DICKINSON, J. Although any question which may have arisen upon the demurrer, is waived by the subsequent pleading to the merits, we think it proper to remark, that, in our opinion, the obligation is properly described in the declaration. The plaintiffs in error are charged with having executed it under their joint seal, in the name of the firm, Day, Williams & Co.

It is, as a general rule, true, that one partner cannot bind another

by deed, without his consent; but the authorities fully establish the principle, that a signature and sealing, in the name of the firm, with a single seal, is good, and binds all the partners who are present, or assent to the execution. If none but the executing partner assent, it is still good as to him. 4 *Mason,* 232, and note thereto. The plea of payment necessarily admits the execution of the deed by all the partners.

The case of *Crary vs. Ashley & Beebe,* referred to by the plaintiffs in error, differs essentially from the one now before us, as to the manner in which the question of striking out pleas is presented. In that case, the defendants excepted to the opinion of the Court, and rested upon their bill of exceptions, duly signed, sealed, and set out upon the record. But here the party, by not making the plea stricken out a part of the record by bill of exceptions, acquiesced in the decision of the Court. The plea so stricken out forms no part of the record, and should have been wholly omitted, in the transcript. This objection, therefore, to the striking out of the plea, comes too late, and cannot now be considered.

The only remaining question for our consideration is presented by the demurrer to the plea of tender. We consider the law well settled, that, if a party covenants to pay in specific articles, he must meet his contract at the time and in the manner specified. Tender cannot be made after the day, unless the damages are capable of being reduced to certainty, by computation; nor can it be pretended that it is possible to do so, in this instance, without the intervention of a jury. Even if a party failed to make a defence, a writ of inquiry must issue, to ascertain the damages. It is, therefore, not one of those cases in which the doctrine of tender is applicable.

Judgment affirmed.