## WEISSINGER & CROOK, EX PARTE.

1. The certificate of the clerk of an inferior Court, that a writ of error was sued out, &c., that the judgment was superseded by the execution of a bond, stating the names of the sureties, &c., if in other respects regular will authorize a judgment of affirmance, not only against the plaintiff in error, but his sureties also: this has been the practice for many years, and whether correct in its inception or not, must be adhered to, otherwise judgments long since rendered might be vacated.

2. The condition of a writ of error bond recited, that "the above bound S. C., hath applied for and obtained a writ of error in a certain suit heretofore pending and determined in the County Court of Perry, in which the said S. C. is plaintiff in error, and the said W. J. is defendant in error, in a plea of trespass on the case, returnable to the next term of the Supreme Court at T. on the first Monday of June, 1844. Now, if the said S. C. shall prosecute his writ of error to effect, and pay and satisfy the judgment which shall be rendered in the said cause by the Supreme Court, then this obligation to be void; otherwise to be, and remain in full force and effect." The statute requires that the bond shall be "conditioned for prosecuting the writ of error to effect, and to pay and satisfy the judgment which shall be rendered in the said cause by the Supreme Court:" *Held*, that the condition of the bond sufficiently conformed to the act, and that the generality of the recital which preceded it, did not affect the bond as a statute obligation.

Ex parte, Leonard A. Weissinger and James Crook.

WEISSINGER and Crook represent, by the affidavit of the former, that a judgment was rendered against them at the last term of this Court, as the sureties of Samuel Child, in a bond for the prosecution of a writ of error, sued out to revise a

judgment recovered in the County Court of Perry, against the latter, by William Johnson : that the judgment of this Court was rendered on motion, in the absence of the bond, upon the presentation of the certificate. The bond, it is insisted, is defective, and a motion is now submitted to vacate the judgment, of which the plaintiff has been duly notified.

H. Davis and E. W. Peck, for the motion, made the following points : 1. Upon the mere production of the certificate, this Court could not render judgment against the sureties of Child. 2. The condition of the bond does not conform to the statute, and no judgment could be rendered on it; certainly not as a statute bond. They cited the following authorities : Clay's Dig. 307, § 6; 308, § 13, 310, § 26; 2 Ala. Rep. 644; 3 Id. 484; 4 Id. 720; 5 Id. 657–562; 3 Stew. Rep. 109. See also, 4 Ala. Rep. 9; 5 Ala. Rep. 618.

Hopkins and A. Graham, (of Perry,) contra, made the following citations : Clay's Digest, 307, § 6–8; Hurlston on Bonds, 12, 31, 58; 3 Stewart's Rep. 109 ; 6 T. Rep. 702; 2 Cranch's Rep. 9; 2 Metc. Rep. 587–90; 1 Ohio Rep. 78; 3 Scammon's Rep. 349; 18 Pick. Rep. 257; 2 Wend. Rep. 292; 3 Id. 426; Clay's Dig. 309, § 19, 20.

COLLIER, C. J.—It is provided by the act of 1820, in connection with the statute of 1814, that in order to suspend a judgment in a case in which a writ of error has been issued, the party applying for the writ shall execute a bond, with sufficient security to the adverse party, to be approved by the clerk ; conditioned for prosecuting the writ of error to effect, and to pay and satisfy the judgment which shall be rendered in the cause by the Supreme Court. Further, the clerk shall send an attested copy of the bond to the Supreme Court, with the transcript of the record ; and in case of dismission or discontinuance of the cause, the act of 1815 authorizes the Supreme Court to render judgment against the principal and security in the bond. [Clay's Dig. 307. § 6.] By the act of 1820, it is declared, that thereafter no judgment shall be rendered by the Supreme Court, against the sureties of the bond of the plaintiff in error, but to subject them to the satisfaction of the judgment of affirmance, the clerk of the Court from which the cause was

removed, shall, upon the receipt of the certificate of the fact, issue a *scire facias* to the sureties, to appear and show cause why judgment should not be rendered against them. By the same act it is provided, that whenever a judgment which has been suspended by a bond shall be affirmed, ten per cent. damages shall be allowed. Further, the transcript of the record, together with the citation which was issued to the defendant in error, shall be delivered to the party suing out the writ to be returned to the first day of the next term of the Supreme Court; and in case it is not delivered to the clerk of that Court on or before the third day of the term, it shall be lawful for the Supreme Court, at that, or any succeeding term, on motion of the defendant, and on producing a copy of the citation served upon himself, certified by the sheriff, "or on producing a certificate from the clerk of the Court from which the writ of error issued, showing the time at which it issued, and amount for which judgment, and at what term of the Court below, to affirm the judgment of the Circuit Court with costs of suit." [Toulmin's Dig. 481–2–3.]

The statute of 1826 directs, that whenever the judgment, sentence, or decree of any inferior Court shall be affirmed in the Supreme Court, the latter shall render judgment against the surety, "in the bond executed on obtaining the appeal or writ of error, in the same manner, and for the same sum for which judgment shall be rendered against the plaintiff, or plaintiffs, complainants," &c. And it is made the duty of the clerk of the Supreme Court, to certify the judgment to the Court from which the cause came, against both the principal and surety; and the clerk of the latter Court shall issue execution against them for the amount of the judgment thus certified. [Clay's Dig. 310, § 26.]

The act of 1815, although it authorized the appellate Court to render judgment against both the principal and surety, in a writ of error of bond, yet it does not prescribe how the fact of suretyship shall be shown to that Court, when the transcript is not filed. It has been repeatedly held, that the statute of 1820 does not accord to the defendant in error the right of filing the transcript, but entitles him to an affirmance, if the cause is not brought up by the plaintiff, upon producing the citation, or certificate. At the time this latter act was passed,

the Supreme Court was inhibited from rendering a judgment against the sureties. This power was restored by the act of 1826, but the form of the certificate was not directed to be modified so as to show that a bond had been executed, and who were the sureties therein. In the absence of legislation upon this point, the clerks of the inferior Courts so framed their certificates, as to impart the necessary information, and enable the Supreme Court to render such a judgment as the act of 1826 required, where the judgment had been suspended by the execution of a bond with sureties. Such certificates have been received as satisfactory, without the production of the bond, or a copy; they have been acted on, and the practice tacitly acquiesced in as regular since 1826. Whether the construction which gave rise to this practice was too liberal, it is too late now to inquire; the more especially as the bench and the bar have never until now objected to it, and the legislature have not thought it necessary to make any countervailing enactments. To treat the question as *res integra* would cause many judgments to be vacated, and perhaps unsettle individual rights, to an alarming extent. In this view of the case we think the sureties of Child cannot be heard to object, that the bond for the prosecution of the writ was not in this Court when the judgment was affirmed.

It is further objected, that the bond which was executed by Weissinger and Crook, as sureties, does not conform to the statute, and that the judgment rendered thereon cannot be sustained. The condition recites, that the above bound Samuel Child hath applied for, and obtained a writ of error in a certain suit heretofore pending and determined in the County Court of Perry, in which the said Samuel Child is plaintiff in error, and the said William Johson is defendant in error, in a plea of trespass on the case, returnable to the next, term of the Supreme Court at Tuscaloosa, on the first Monday of June, 1844. Now, if the said Samuel Child shall prosecute his writ of error to effect, and pay, and satisfy the judgment, which shall be rendered in the said cause by the Supreme Court, then this obligation to be void; otherwise to be and remain in full force and virtue." The statute only requires that the bond shall be " conditioned for prosecuting the writ of error to effect, and to pay and satisfy the judgment

90

which shall be rendered in the said cause by the Supreme Court.

The condition of the bond in question, it will be observed, corresponds almost literally with that prescribed by the act, and there can, therefore, be no question as to its legal sufficiency; the inquiry is, whether the recital that precedes, is so general as to affect the validity of the bond. It is explicitly stated who were parties to the suit in the County Court, what the character of the action, that it has been determined, who applied for the writ of error, and when it was returnable; but it is objected, that it is not shown against whom the judgment was rendered, for what amount, and when. The recital we think fairly warrants the inference, that Child was the unsuccessful party in the Court below. This is indicated by the execution of a bond to suspend the judgment. As it respects the other objections, we think them untenable. If the bond was as special as it is insisted it should be, still it might so happen, that two judgments for a similar amount were rendered between the same parties on the same day. In such case, it could not be maintained, that a judgment could not be rendered upon it as a statute bond. There, its application to the particular case could be shown, and here, the maxim of *id certum est quod certum reddi potest*, might be invoked to support the bond. The record below, or the certificate here produced would supply the defects, if they can be considered such.

In respect to a bond for the prosecution of a writ of error, the Supreme Court of Ohio say, "there is no case where a bond fairly and regularly executed, and comprising, substantially, all the requisites of the statute, has been adjudged void, because it departed in some one or more particulars, from the exact words used in the statute authorizing it to be taken. It has been the uniform object of our Courts, to support bonds executed under the provisions of law, when, by a reasonable interpretation, such bonds can be made to meet the intention for which they were required and taken. Where the party has had all the advantages of making the bond, the Court cannot aid him to avoid its obligation, by adopting strained and rigid maxims of construction." [Gardener v. Woodyear, 1 Ohio Rep. 78.]

In The People v. Monroe Com. Pleas. 3 Wend. Rep. 426, it was held, that the misrecital of the day on which a judgment was rendered before a justice of the peace, in an appeal bond, is a fatal variance, but if no day had been mentioned, the bond would have been good.

The bond in the present case, is sufficient in substance, and the motion is consequently denied.

ORMOND, J., dissented from the last point determined by the Court.