### IVES VS. SUPERVISORS OF JEFFERSON COUNTY.

An action to recover the penalty provided for by sec. 7, chapter 175, Laws of 1860, is a civil action and not a criminal prosecution; and when it fails, the county is not liable for the costs.

Whether, in such a case, the town, city or village, which is the real party in interest, is liable for the costs, it was not necessary to determine in this action.

APPEAL from the Circuit Court for *Jefferson* County.

The chairman of the board of supervisors of the town of Oakland in said county brought two actions before a justice of the peace of said town, in the name of the state of Wiscon-

sin, against *Ives* and one Goodrich respectively, to recover from them the penalty prescribed by sec. 7, chap. 175, Laws of 1860, for keeping dogs not registered, numbered, described and licensed according to the provisions of that act. Judgments were taken by default against both the defendants in those actions; and upon their appealing to the circuit court, the appeals were dismissed because there was no demurrer or answer in either case before the justice. On appeal to this court, the order of the circuit court in each case was reversed, and the causes were remanded for further proceedings. Costs were taxed against the state in each case by the clerk of the supreme court, in the sum of $40.30; and Goodrich assigned the costs taxed in his favor to *Ives*. The latter thereupon presented said bills of costs to the board of supervisors of said county, for allowance and payment out of the county treasury; and said board, in November, 1862, allowed a part and disallowed the remainder of each. From this decision *Ives* appealed to the circuit court. Upon the above facts, the circuit court instructed the jury that said county was liable for the full amount of said bills and costs. Verdict for plaintiff, for $80.60; motion for a new trial overruled; and judgment upon the verdict; from which the defendants appealed.

*Myron B. Williams*, District Attorney for Jefferson county, for appellants.

*L. B. Caswell*, for respondent:

Chap. 155, R. S., gives the chairman of the town supervisors ample authority to institute actions in the name of the state for the recovery of penalties, fines and forfeitures. If such actions fail, of course the county is liable for the costs. Chap. 175, Laws of 1860, mentions the proceedings under that act as prosecutions; although, if recovered, the penalty is paid to the town. Yet the law makes no special provision for the payment of costs when the prosecution fails. Where there is no express provision to the contrary, the county is liable for costs made in prosecutions and actions instituted in the name of the

state. Sec. 77, chap. 133, R. S., provides that "when any prosecution instituted in the name of the state, for breaking any law of this state, shall fail," the fees shall be paid out of the county treasury. Chap. 257, Laws of 1862, in speaking of that class of cases for which the county is liable, denominates them "actions or proceedings." Sec. 6, chap. 121, Laws of 1859, provides that the county treasurer shall annually submit to the board of supervisors, a statement of the "fines and forfeitures" received by him during the year. Sec. 7 provides that the supervisors shall deduct from the amount so received "all expenses incurred by the county in prosecuting for the same." Here is express authority for taxing costs in actions to recover penalties against the county, if such actions fail.

*By the Court*, COLE, J. As we understand the position of respondent's counsel, the only ground for claiming that the county is liable for the costs is, that section 77, chap. 133, R. S., imposes that liability. That section provides that when any prosecution instituted in the name of this state, for breaking any law of this state, shall fail, or where the defendant shall prove insolvent, or escape or be unable to pay the fees when convicted, the fees shall be paid out of the county treasury, unless otherwise ordered by the court. This provision obviously relates to purely criminal cases, and not to causes which, though in form criminal, yet are really civil actions. Most actions to recover a penalty or forfeiture are in the name of the state and for a violation of some law. Yet these are not, as a general thing, "prosecutions" within the meaning of section 77. They are civil actions, so denominated and described by chap. 155, R. S. We have already decided that an action to recover the penalty or forfeiture given by section 7, chap. 175, Laws of 1860, was in its nature a civil action. *State v. Ives*, 15 Wis., 445. But it is not a criminal prosecution where the county becomes liable to pay the fees when the suit fails. This being so, the charge of the circuit court, that the county

was liable for the full amount of costs in the cases of the *State v. Ives* and *State v. Goodrich*, was erroneous. It is true that chap. 175, Laws of 1860, declares that all fines and forfeitures imposed as a penalty for a violation of any of its provisions shall be recoverable on a presentation by a complaint before a justice of the peace, and that the prosecution shall be in the name of the state of Wisconsin. Section 13. But notwithstanding this language, we have no doubt of the correctness of the decision in *State v. Ives*, in holding the action civil in its character. And furthermore, it would obviously be unjust to hold the county liable for the costs in those cases where the damages recovered go into the treasury of the town, city or village where the dog is kept, and the county can have no voice in controlling the suit. Such town, city or village is the real party in interest. Whether chapter 175 renders them liable for costs when the suit fails, or whether they can be held liable upon general principles of law, is not a question before us at this time. We have only to decide whether the county is liable to pay the costs by virtue of section 77, chap. 133, above referred to. We are clearly of the opinion that it is not, for the reason already given.

The judgment of the circuit court is reversed, and a new trial ordered.