# Ganus & Co. *v*. Tew.

*Damage to Health and Estate by Maintaining Milldam.*

(Decided Dec, 16, 1909.—50 South. 1000.)

1. *Pleading; Pleas; Inconsistency; Right of Election.*—Where pleas are so inconsistent that they cannot be pleaded together, the defendant has the right of election as to which plea he will stand on, and the plaintiff may not by motion to. strike one of them, thus designate the defense.

2. *Tender; Plea; Availibility.*—A plea of ·tender, in the absence of a statute, is available only where the demand is in the nature of a debt, or the sum due is either certain or capable of being as- certained by calculation and is not available in action for unliqui- dated damages.

3. *Witnesses; Privileged Communication; Attorney and Client.*— A letter written by their attorney to the defendant relative to the settlement of a suit is a privileged communication and it was error to admit the contents of the letter and to compel the attorney over his protest and the protest of the defendant, to testify as to the letter and a copy hereof.

APPEAL from Washington Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Acton by Jerry M. Tew against A. R. Ganus & Co., for damages to his health and estate· caused from the maintenance of a mill dam. Judgment for plaintiff and defendant appeals. Reversed and remanded.

GRANADE & GRANADE, for appellant.—Appellants had a right to show that they entered and erected a dam under parol license from appellee.—*Hicks Bros. v.*

*Swift Creek Mill Co.,* 133 Ala. 421; *Mitchell v. Gambrell,* 140 Ala. 216; *Barlow v. Hamilton,* 44 South. 657. A defendant may plead as many pleas as he sees proper whether they be consistent or not.—Sec. 5331, Code 1907; *L. & N. v. Hall,* 87 Ala. 724; *McGehee v. Cashin,* 130 Ala. 568; *Lehman v. Shiver,* 129 Ala. 318. Where defendant relies on more than one defense, each being inconsistent, neither can be taken as the admission of the other.—*Pope v. Welch,* 18 Ala. 633; *McDonald v. Montgomery St. Ry. Co.,* 110 Ala. 173; *Gardner v. Black,* 98 Ala. 642. Counsel discuss the measure of damages, etc., with citations of authority, but it is not deemed necessary to set them out. They insist that the court erred in requiring appellants attorney to testify as to certain transactions and letters written his client relative to the suit.—*Birmingham R. & Co. v. Wildman,* 119 Ala. 552; *Gay, et al. v. Rodgers,* 109 Ala. 624; *Dixon v. McLarney,* 97 Ala. 386.

FREDERICK G. BROMBERG, for appellee.—There was no error in overruling demurrer to the complaint.—Sec. 3293, Code 1896. A plea of tender was an admission by appellant of appellee's claim for damages to a certain extent.—*Gardner v. Black,* 98 Ala. 638. Because of it, the court rightfully granted motion to strike appellant's 1st and 5th pleas.—21 Ency. P. & P., pp. 557-568. There was no error in the court's oral charge.— *Hicks v. Swift Creek M. Co.,* 133 Ala. 411; *L. & N. v. Smith,* 141 Ala. 342.

MAYFIELD, J.—This is an action, sounding in damages merely, for injuries to plaintiff's health and estate, the result of defendant's flooding his land by the erection and maintenance of a milldam. Some of the counts claim as for simple negligence in the construction and maintenance of the dam; others, in that the

wrongful acts of the defendants were wanton and willful. Demurrers to the complaint being overruled, defendant filed four pleas—first, the general issue; second, a plea of tender of $75; third and fourth, pleas setting up a license or permit from plaintiff to erect and maintain the dam. Demurrers were sustained to pleas 3 and 4; and defendant then filed plea 5, setting out a little more fully the same defenses attempted to be set up by pleas 3 and 4. Demurrers being overruled to this plea, plaintiff then moved to strike pleas 1 and 5, because inconsistent with plea 2, of tender. The court granted this motion, striking these two pleas, leaving only the plea of tender, on which the trial was had; the trial resulting in verdict and judgment for plaintiff for $250. From this judgment the defendants appeal.

The first error insisted upon was the striking of pleas 1 and 5 on plaintiff's motion. This was clearly error. It is unnecessary to decide whether the pleas were so inconsistent with plea 2 that all could not be pleaded together, which is the reason assigned for the motion and seems to have been the one acted on by the trial court. If this contention be true (as to which we intimate no opinion), the defendants were entitled to say which of the two lines of defense they would pursue, if not entitled to both. The plaintiff or the trial court had no right to select for them, which was the effect of the motion and the action of the trial court in striking pleas 1 and 5. The plaintiff and the court had no more right to select plea 2 as the one alone on which the case should be tried than they had to select 1, or 5, or both. If the pleas were so inconsistent that all could not be set up as defenses to the same suit, the court could decline to allow the defendants to set up all, and could compel them to elect as to which of the inconsistent ones they would rely upon; but the court or the plain-

[Ganus & Co. v. Tew.]

tiff, one or both, could not select for the defendants, as they did in this case.

It is unnecessary for us to decide whether the plea of tender filed in this case was sufficient or apt, as a complete defense to this action, which sounded in damages merely. Unless authorized by statute, the plea of tender is apt only in cases in which the demand is in the nature of debt, or in which the sum due is either certain or capable of being made certain by mere arithmetical calculation. It is not applicable to actions for the recovery of unliquidated damages. There are some other cases provided by statute for tender, such as actions for slander, etc, when accompanied by a recantation.—*Wilhite v. Ryan*, 66 Ala. 109.

The court also committed error in allowing appellee to prove, over the objection of the appellants, the contents of a letter written by appellants' attorney to them, concerning a settlement of this suit. It was likewise reversible error for the court to compel appellants' attorney, over his protest and that of his clients, to testify as to that letter and a copy thereof. This was clearly a privileged matter—a letter from an attorney, to his client, about the settlement of the identical matter on trial. No excuse, necessity, or justification is shown for thus compelling an attorney to testify as to transactions with his client. Such matters are among, if they are not, the most privileged; and the cases are very rare, if any there be, where these secrets should be revealed by compulsion as was done in this case.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

Dowdell, C. J., and Simpson and McClellan, JJ., concur.