## LEADER v. VAUGHAN. (6 Div. 698.)

(Court of Appeals of Alabama. March 24, 1925.)

1. **Compromise and settlement ⊜⇒6(2)—"Unliquidated claim" defined.**

An "unliquidated claim" is one which one party to contract cannot alone render certain.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unliquidated Claim.]

2. **Compromise and settlement ⊜⇒24—Knowledge of dispute as to amount due when creditor accepted check marked "payment in full" held shown.**

Evidence *held* to show in action for attorney's fee, that both parties knew, when defendant sent and plaintiff accepted check marked "payment in full for all lawyer's fees to date," that there was a dispute as to amount due, so as to entitle defendant to general affirmative charge.

Appeal from Circuit Court, Bessemer Division, Jefferson County; J. C. B. Gwin, Judge.

Action by William Vaughan against A. S. Leader to recover attorney's fees. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Mathews & Mathews, of Bessemer, for appellant.

Acceptance of the check by plaintiff was an irrevocable acceptance of the condition upon which it was offered. Hand Lbr. Co. v. Hall, 147 Ala. 561, 41 So. 78; Brackin v. Owens H. & M. Co., 195 Ala. 581, 71 So. 97; Ex parte Sou. C. O. Co., 207 Ala. 704, 93 So. 663; Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715. 51 Am. St. Rep. 695; Tanner v. Merrill, 108 Mich. 58, 65 N. W. 664, 31 L. R. A. 171, 62 Am. St. Rep. 687; Fire Ins. Ass'n v. Wickham, 141 U. S. 564, 12 S. Ct. 84, 35 L. Ed. 860.

Goodwyn & Ross, of Bessemer, and William Vaughan, of Birmingham, for appellee.

The acceptance of the check did not constitute an accord and satisfaction., Code 1923, §§ 7669, 7670; Ex parte S. C. O. Co., 207 Ala. 704, 93 So. 662; Cartan v. Tackaberry, 139 Iowa, 586, 117 N. W. 953; Louisville v. Helm, 109 Ky. 388, 59 S. W. 323; Seattle v. Power Co., 63 Wash. 639, 116 P. 289; Pollman v. St. Louis, 145 Mo. 651, 47 S. W. 563; 1 C. J. 555.

SAMFORD, J. The only question of merit in this appeal is the refusal of the court to give, at the request of defendant, the general affirmative charge in his behalf.

The controversy, the subject of this litigation, arose out of a disagreement between plaintiff and defendant as to the amount of compensation due the plaintiff for services as an attorney who was engaged as associate counsel in certain litigation between Leader and the Romanos. A series of suits were filed by Leader, this defendant, against Annie Romano and Annie Romano as executrix in 1922 and 1923. Pete Romano was arrested at the instigation of Leader, tried and acquitted, and filed suit against Leader for damages. All this litigation between Leader and the Romanos was settled in the early part of the year 1923, and it seems that Leader at the time of the settlement was led to believe that the costs he would be required to pay would probably not exceed $100, but when the costs were figured the amount that Leader was required to pay under the terms of the settlement was about $475. Mr. Scott, who represented Leader in this litigation in conjunction with Vaughan and had rendered service for Leader in several other matters, testified that the costs that Leader had to pay was so out of proportion to the amount that he anticipated would be chargeable to Leader that he felt constrained to make some concessions in the matter of his fee and settled with Leader for $125 which included several items aside from the Romano cases. Leader figured that he paid Scott for the Romano cases about $75 and having advanced Vaughan $15, sent him an additional check for $60 writing on the left-hand lower corner thereof "Payment in full for all lawyer's fees to date." Vaughan denied that the $15 check was paid

on fee, but insisted that this amount was advanced to take care of his expenses while attending the Supreme Court.

However, the evidence on the part of both plaintiff and defendant shows that there was a dispute between them as to the amount due, and that no agreement was ever made as to what amount should be paid Vaughan as his fee. On cross-examination Mr. Vaughan, testifying in his own behalf, stated:

"With the check for $60 that I got from Mr. Leader, on which was marked 'Payment in full for all lawyer's fees to date,' I also got a letter from Mr. Leader, which I also answered. I noticed the writing on the left-hand corner of the check 'Payment in full for lawyer's fees to date,' when I got the check, and with full knowledge that this check was purported to be a payment in full I signed my name 'William Vaughan' on the back of the check. I did get the $60, and it went through the bank as is shown on the back of it. It is my recollection, as I testified before, that there was no agreement as to what I was to get out of this litigation, and the controversy arose between Mr. Leader and I after the litigation was terminated."

Various letters from Vaughan to Leader and Leader to Vaughan show that the question of fee was in dispute. In fact, in the letter shown on page 19 the plaintiff suggests that the controversy might be submitted to the court for determination and that this would probably be the fairest and best way to settle the matter.

[1] Was the claim of plaintiff unliquidated or in dispute at the time he received the defendant's check for $60, purporting to be "in full for lawyer's fees to date," and did he accept payment of the check with a knowledge of its contents and meaning. This last plaintiff admits that he did. "An unliquidated claim is one which one of the parties to the contract cannot alone render certain." Ives v. Supervisors of Jefferson County, 18 Wis. 166. In Chicago, M. & St. P. Ry. Co. v. Clark, 92 F. 968, 35 C. C. A. 120, it is said that "the term unliquidated claim may be properly used to designate a claim in reference to which the holder, in order to obtain a settlement, must bear some further burden in order to have the amount so fixed that the debtor is bound thereby. This is always the case when the creditor's claim rests upon a quantum meruit."

[2] It is quite certain, from the evidence in this case, that no agreement had ever been reached as to the amount or value of the compensation to be paid plaintiff for services as associate counsel in the litigation in which he participated. It is equally certain that there was some uncertainty as to the services actually rendered. There can be no doubt, that, at the time defendant sent the check above described, and plaintiff ac-

cepted it, both parties knew there was a dispute as to the amount due on the claim. A recovery by plaintiff would of necessity be based upon a quantum meruit. We are of the opinion that, under the facts in this case, defendant was entitled to the general affirmative charge and, for the error in refusing to give this, the judgment must be reversed, and the cause remanded. Hand Lbr. Co. v. Hall, 147 Ala. 561, 41 So. 78; Brackin v. Owen H. & M. Co., 195 Ala. 581, 71 So. 97; Ex parte Southern Oil Co., 207 Ala. 704, 93 So. 663.

Reversed and remanded.