(132 So. 170)
**JOHNSON et al. v. WILLIAMS et al.**
**I Div. 623.**

Supreme Court of Alabama.
Dec. 18, 1930.

Rehearing Granted Jan. 29, 1931.

Adams & Gillmore and F. E. Poole, all of Grove Hill, and A. S. Johnson, of Thomasville, for appellants.

Tucker & Mabry, of Grove Hill, and Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellees.

GARDNER, J.

Upon original consideration of this cause we were impressed with the view that the language of the appeal bond was such as to limit the review to the judgment for costs only. This view, however, overlooked the case of Street v. Street, 113 Ala. 333, 21 So. 138, to which our attention is now directed, and other authorities to the effect that, in construing the scope of the appeal bond, consideration is to be given the entire record, including the certificate of the clerk. Weissinger & Crook, Ex parte, 7 Ala. 710; Satterwhite v. State, 28 Ala. 65.

The judgment in the case is an entirety, and an effort to appeal from a portion thereof will not be presumed. 3 Corpus Juris, 596.

The case of Street v. Street, supra, is here applicable in principle, and a consideration of the entire record in the light of the foregoing authorities is persuasive to the effect that the appeal is in fact from the judgment adverse to appellants wherein and incident thereto they were taxed with the costs following the finding of the jury for defendants on their plea of tender. We are therefore of the opinion that the appeal presents for review the ruling of the court overruling the demurrer to defendants' plea of tender, and we pass to a consideration of this question.

Two of the counts upon which the case was tried, were in trespass, wherein punitive damages were recoverable (Norton v. Bumpus, 221 Ala. 167, 127 So. 907; Stand-ard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754; Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L. R. A. [N. S.] 1224), and, indeed, in which such damages were specifically claimed.

In Wilhite v. Ryan, 66 Ala. 106, speaking to the question of tender, the court said: "But a tender was authorized, by common law, to be made, only in those cases where the demand is in the nature of a debt—where the sum due is either certain, or capable of being made certain by mere arithmetical calculation. Green v. Shurtliff, 19 Vt. 592. It could not be pleaded in an action on the case, nor in any action brought strictly for the recovery of unliquidated damages."

With any exception to the rule, as by statute in slander cases, referred to in the opinion, we are not here concerned.

In Ganus & Co. v. Tew, 163 Ala. 358, 50 So. 1000, 1001, these observations were repeated, with the conclusion that the plea of tender was "not applicable to actions for the recovery of unliquidated damages." This rule was applied in Southern Ry. Co. v. Harris, 202 Ala. 263, 80 So. 101, 104, wherein it was held a plea of tender was inappropriate in an action of trover, the court saying: "Under the common law tender is not available where the action is for unliquidated damages, the amount of which is subject to the jury's discretion." See, also, 38 Cyc. 133, and authorities cited in note. That the damages sought in these counts were unliquidated is quite clear. Words and Phrases, First Series, vol. 8, p. 7195; Leader v. Vaughan, 20 Ala. App. 545, 103 So. 718.

The common law has been modified by statute in several jurisdictions (Am. Dig. Cent. Ed. vol. 45, p. 2809), but it is not pretended there is any applicable statute in this state, and the cause is controlled by the common law.

From the oral charge of the court, it appears there was evidence justifying the imposition of punitive damages.

The above-noted authorities suffice to show the plea of tender was not appropriate to these counts. The appeal is on the record, and without a bill of exceptions. It is insisted, therefore, that, if there was error in the ruling in this respect, it was without injury, as injury is not presumed from error in rulings on the pleading, citing Miller v. Mut. Grocery Co., 214 Ala. 62, 106 So. 396.

But we do not consider that the rule of error without injury can be consistently extended to the instant case. where the erroneous ruling of the court injected into the trial an improper issue and one upon which the verdict was expressly rested.

We have taken note also of the language of the oral charge as to the elimination of the

plea of tender if punitive damages are found justified, but this does not cure the error of injecting the issue of tender into the case. Indeed, without regard to the question of punitive damages, the plea of tender would be unavailing in such actions under the common-law rule. One of the counts is for use and occupation. The sum sought represents an unliquidated claim or demand, and would likewise appear to come within the influence of the same rule, though no case directly in point has come to our notice. The language of Day v. Lafferty, 4 Ark. 450, would so indicate, as well some of the above-noted quotations from our own authorities.

The conclusion is reached, therefore, that the court committed reversible error in overruling plaintiffs' demurrer to defendants' plea of tender.

For the error so indicated, let the judgement be reversed and the cause remanded.

Reversed and remanded.

All the Justices concur.