138 So. 819

## STATE ex rel. BIGGS v. HIGBEE.

### 1 Div. 670.

Supreme Court of Alabama.

Dec. 17, 1931.

Rehearing Denied Jan. 21, 1932.

L. S. Biggs, of Monroeville, for appellant.

Stevens, McCorvey, McLeod, Goode & Turner and C. M. A. Rogers, all of Mobile, and S. C. Jenkins, of Bay Minette, for appellee.

**KNIGHT, J.**

The present proceedings were instituted in the circuit court of Baldwin county by the state, on relation of the solicitor of the Twenty-First judicial circuit, in obedience to directions in writing from the judge of that circuit. The purpose of the action was to exclude the respondent, Higbee, from the profession of treating or offering to treat diseas-es of human beings by some system of treatment without first having obtained a certificate of qualification from the state board of medical examiners.

The defendant, in response to the summons, appeared and interposed numerous grounds of demurrer to the information; and the demurrer having been overruled, he thereupon moved to quash the complaint and all proceedings thereunder. This motion was likewise overruled by the court. Next, the defendant filed plea of misnomer, and this plea, on motion of the state, was stricken. With his demurrer, motion, and plea of misnomer out of the case, the defendant filed his answer. In this answer, he pleaded, in short, by consent, the general issue.

There was a verdict for defendant on the trial, and the judgment of the court followed the verdict. The verdict and judgment were rendered on April 27, 1931, and on April 29th thereafter the state moved for a new trial. On April 30th, this motion was overruled, and an exception to this ruling was duly reserved by the state. The present appeal is prosecuted by the state, and on the submission of the cause a number of errors are assigned upon the record.

It is first insisted by appellee that the appeal should be dismissed upon the grounds: (1) That no appeal has been taken from the judgment rendered upon the verdict of the jury; (2) that it is uncertain from what judgment the appeal is taken; and (3) that the appeal is in fact taken from an order or judgment of the court which is not appealable.

There is manifestly no merit in appellee's motion to dismiss. It is true that there may be, and is, some little confusion in the record as to what judgment the present appeal is taken from, but when the entire record is read and considered in connection with the certificate of appeal entered and certified to by the clerk, as we must do, it abundantly appears that the appeal is taken from the judgment of the court upon the verdict of the jury, and which was entered upon the 27th day of April, 1931. Johnson et al. v. Williams, 222 Ala. 278, 132 So. 170; Ex parte Weissinger & Cook, 7 Ala. 710. The motion to dismiss the appeal is accordingly overruled.

At the conclusion of the evidence, the state requested the court, in writing, to charge the jury that if they believe the evidence, to find the defendant guilty as alleged in the petition. The court declined to give this charge, and this ruling of the court constitutes the first assignment of error.

It is without dispute in the case that, if the appellee falls within that class of persons who must secure certificates of qualification from the state board of medical examiners before doing the acts charged in the petition

in this case, the general charge, as requested by the state, should have been given, for confessedly the appellee had no such certificate.

A number of witnesses were examined on behalf of the state. To state in detail the testimony of these witnesses, or of any one of them, would serve no useful purpose. We quote from the testimony of some of them, commencing with the witness J. M. Franklin: "I know the defendant. I went to see him during the month of October, 1930, at his home. He massaged me, my shoulders and the small part of my back, on the spine. I was suffering with rheumatism at the time. He massaged me with his hands and used electricity on my shoulders and arms where they hurt. I took two treatments and he charged me four dollars for the two treatments."

Walter Long, another witness for the state, testified, in part: "I know Mr. Higbee. In the summer of 1929, I visited him at his place on Hand Avenue. He treated me in his bedroom. He had no equipment except an electrical outfit that he used. The first time I visited him in 1929 he made an examination of me. He just asked me a few questions and examined my kidneys. He told me I had a weak run down condition and was nervous, which I was. He gave me fifty or sixty treatments during the summer, for which he charged me two dollars for each treatment. In January, 1931, he came to my home on Oak Street, in Bay Minette. He examined my breast at that time. I had a heavy cold and I had the flu, I guess. He gave me treatments then with hot towels on my chest and he gave me electrical treatments to break up the congestion; and he told my wife to put Vick's salve on me. He gave me eleven or twelve treatments at this time, for which he charged me two dollars each." A number of witnesses were examined on behalf of defendant, but the evidence of these witnesses rather supported the state's testimony.

The statute requiring examination of persons and undertaking to treat diseases of human beings is, broad and comprehensive (Code 1923, § 2837). It covers every form of treatment. It may be, and is, conceded that appellee is no doctor; that he is no chiropractor, and that he condemns the practice; that he is no surgeon; that he is no osteopath. The statute does not include only such classes, but reaches out and includes persons who would treat the ills of human beings by any system whatsoever. It includes those who treat diseases by the system known as mechanotherapy, sometimes called the movement cure. This statute is all inclusive where any system of cure is offered to relieve human diseases.

Conceding that under the scintilla rule, which obtains here, the state was not entitled to the affirmative charge, which was requested in writing, nevertheless, our conclusion is that the verdict of the jury was contrary to the great weight of the evidence, and the trial court should have, on motion of the state, set the same aside. For this error, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.