153 So. 469

### THOMPSON v. STATE.
### 3 Div. 743.

Court of Appeals of Alabama.
Jan. 16, 1934.

L. A. Sanderson, of Montgomery, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The statute (Code 1923, § 5191) provides that: "Any person who treats, or offers to treat diseases of human beings in this state by any system of treatment, whatsoever, without having obtained a certificate of qualification from the state board of medical examiners, shall be guilty" etc.

It was admitted that the defendant had no certificate of qualification from the state board of medical examiners. The evidence for the state tended to prove that defendant had given massages with his hands to two parties, one of whom had a pain in her shoulder and the other had a pain in the neck. No medicine, lotion, or method was prescribed by the defendant. The parties went to defendant for the purpose of being massaged, and they got it and paid for the service. This was all there was to it.

The construction of statutes must be reasonable so as to reach the end aimed at by the lawmaking body. It would be an unreasonable construction of the section of the Code under which this prosecution is brought to hold that the facts stated constituted a violation. The defendant was entitled to the general charge that he be acquitted, and, for the error in failing to give this charge as requested, the judgment is reversed, and the cause is rendered.

As the evidence would probably be the same on another trial, the judgment is reversed, and a judgment will here be rendered discharging the defendant.

Reversed and rendered.