153 So. 470

## THOMPSON v. STATE.
### 3 Div. 105.

Supreme Court of Alabama.
March 15, 1934.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for petitioner.

L. A. Sanderson, of Montgomery, for the State.

Brief did not reach the Reporter.

ANDERSON, Chief Justice.

Section 5191 of the Code of 1923 says: "Any person who treats, or offers to treat diseases of human beings in this state by any system of treatment, whatsoever, without

having obtained a certificate of qualification from the state board of medical examiners, shall be guilty" etc. The treatment, as set out in the opinion of the Court of Appeals, was "massages" by the defendant of two persons, one of whom had a pain in her shoulder and the other a pain in the neck, and, this being so, the state failed to show that the defendant treated them for a disease.

We find no discussion of the word "disease" as used in a criminal statute, but many of the leading courts, in defining the word "disease," hold that it means more than a mere temporary pain or disorder. Words and Phrases, vol. 2, Second Series, 69; 18 C. J. p. 1139. In a well-considered opinion by the Oregon court, Merriam v. Hamilton, 64 Or. 476, 130 P. 406, 407, it was held that a complaint charging that plaintiff had a backache was not sufficient as a charge that she had a disease; the court observing: "True enough, the plaintiff says she had a backache, but pain is not a disease; it is only the symptom of some disorder of the body which in turn may not amount to disease or trauma." Since the statute does not make the treatment for pay or reward a condition precedent, to adopt the state's contention would render any good Samaritan a lawbreaker who tried to ease or alleviate a pain by rubbing, or a bruise or temporary swelling or soreness with a poultice or hot water bottle.

The main case relied upon by the petitioner, State ex rel. Biggs v. Higbee, 224 Ala. 121, 138 So. 819, merely held that the statute was broad enough to include any method of treatment, but it does not hold that the treatment need not be for a disease or attempt to define what was or was not a disease. Indeed, the evidence there tended to show that one of the patients had rheumatism, and the other had the "flu," two well-recognized diseases.

The statute says, and means, "who treats, or offers to treat diseases * * * by any system of treatment." Therefore, if the state proves that the defendant treated a person for a disease, a case would be made whether the person actually so treated had a disease or not. Frazier v. State, 19 Ala. App. 322, 97 So. 251. Or, if the state proves that he offered to treat persons for a disease, a case would be made. Ex parte Wideman, 213 Ala. 170, 104 So. 440. Here, the opinion of the Court of Appeals does not disclose a holding out or offer to treat diseases, but that this prosecution is based upon the first alternative in the statute, that is, he actually treated persons for a disease when, as disclosed by the opinion, the defendant did not treat them for a disease, but for something that did not amount to a disease, and there is nothing to show that the defendant diagnosed or regarded the pains as a disease and treated same as such.

From the undisputed facts, as set out in the opinion of the Court of Appeals, we agree that the defendant was due the general charge.

Writ denied.

All Justices concur.