172 So. 350

**FERGUSON v. STATE ex rel. BAILEY.**

**7 Div. 271.**

Court of Appeals of Alabama.

Feb. 2, 1937.

---

[1] Ante, p. 64.

338

C. A. Wolfes, of Fort Payne, for appellant.

Scott & Dawson, of Fort Payne, for appellee.

BRICKEN, Presiding Judge.

It appears from the record in this case that the State, on relation of H. G. Bailey, as the circuit solicitor, instituted proceedings in the nature of quo warranto against R. M. Ferguson, appellant. The information charges that the respondent, "in said DeKalb county, Alabama, has intruded himself into the profession of treating or offering to treat diseases of human beings, which is a profession requiring a license or certificate of qualification from the State Board of Medical Examiners of the State of Alabama, or the license required by law, and is still at the time of filing this complaint unlawfully practicing or offering to practice said profession in DeKalb county, Alabama.

"The plaintiff prays judgment in this court and an order of this court that said defendant be ousted from the profession of treating or offering to treat diseases of human beings into which he has intruded without the possession of said license or certificate required by law."

In answer to the foregoing, the respondent said "(1) That he is not guilty of the matters and things therein alleged. (2) That the allegations of said complaint are untrue."

The burden rested upon the State to offer evidence to sustain the material allegations of the complaint, that is to say, to reasonably satisfy the jury to that end, as in civil proceedings, and until such evidence was adduced the respondent was under no duty to undertake to disprove the charge against him.

On the trial of the case but two witnesses were examined by the State. The respondent offered no testimony. The evidence was very brief. Dr. D. C.

Wright, a practicing physician, testified that "he had been called to see a patient and saw the respondent there, and all that he (respondent) did, was rub the patient's arms and legs. That witness, himself, prescribed the necessary medicine for her; all the respondent did was to rub her."

The remaining witness, Mr. McDaniel, testified that "he told respondent he had a pain in his leg and he just rubbed it for him; that is all he did." This was in substance all the evidence adduced upon the trial of this proceeding.

There are several assignments of error, but the principal grounds assigned are: "(3) That the court erred in its rulings denying the defendant the right to argue the case." "(5) The court erred in giving, at the request of the appellee charge in writing as follows: 'If you believe the evidence in this case, you will find your verdict for the plaintiff.' (6) The court erred in refusing to give appellant's charge, which was in writing, as follows: 'If you believe the evidence in this case, you should find the issues in favor of the defendant.' (7) The court erred in overruling appellant's motion for a new trial."

The right of the State to institute proceedings of this character cannot be questioned. This has been definitely settled in numerous decisions of the appellate courts of this State. But when such proceeding is brought the State must, in the first instance, offer evidence to sustain the material averments of the complaint, and failing to meet this burden the respondent is entitled to be discharged.

In this case it needs no extended discussion to determine, and hold, that there appears no evidence upon this trial which would entitle the State to a verdict, and that the State failed to meet the burden of proof resting upon it. There is a total lack of any evidence tending to show that the respondent committed any of the acts complained of in the complaint. The evidence in its strongest phase against the accused merely shows that on the occasions mentioned he merely rubbed the limbs of the two persons who were suffering with pain. This is all, and that this is not sufficient has been directly and specifically held in the cases of Thompson v. State, 26 Ala.App. 57, 153 So. 469, and on certiorari, Thompson v. State, 228 Ala. 231, 153 So. 470. In the former case, supra, this court said:

"It was admitted that the defendant had no certificate of qualification from the state board of medical examiners. The evidence for the state tended to prove that defendant had given massages with his hands to two parties, one of whom had a pain in her shoulder and the other had a pain in the neck. No medicine, lotion, or method was prescribed by the defendant. The parties went to defendant for the purpose of being massaged, and they got it and paid for the service. This was all there was to it.

"The construction of statutes must be reasonable so as to reach the end aimed at by the lawmaking body. It would be an unreasonable construction of the section of the Code under which this prosecution is brought to hold that the facts stated constituted a violation. The defendant was entitled to the general charge that he be acquitted, and, for the error in failing to give this charge as requested, the judgment is reversed, and the cause is rendered."

On certiorari of said case to the Supreme Court, supra, Mr. Chief Justice Anderson, speaking for the court, said:

"The treatment, as set out in the opinion of the Court of Appeals, was 'massages' by the defendant of two persons, one of whom had a pain in her shoulder and the other a pain in the neck, and, this being so, the state failed to show that the defendant treated them for a disease.

"We find no discussion of the word 'disease' as used in a criminal statute, but many of the leading courts, in defining the word 'disease,' hold that it means more than a mere temporary pain or disorder. Words and Phrases, vol. 2, Second Series, 69; 18 C.J. p. 1139. In a well-considered opinion by the Oregon court, Merriam v. Hamilton, 64 Or. 476, 130 P. 406, 407, it was held that a complaint charging that plaintiff had a backache was not sufficient as a charge that she had a disease; the court observing: 'True enough, the plaintiff says she had a backache, but pain is not a disease; it is only the symptom of some disorder of the body which in turn may not amount to disease or trauma.' Since the statute does not make the treatment for pay or reward a condition precedent, to adopt the state's contention would render any good Samaritan a lawbreaker who tried to ease or alleviate a pain by rubbing, or a bruise or temporary

swelling or soreness with a poultice or hot water bottle. * * *

"The statute says, and means, 'who treats, or offers to treat diseases * * * by any system of treatment.' Therefore, if the state proves that the defendant treated a person for a disease, a case would be made whether the person actually so treated had a disease or not. Frazier v. State, 19 Ala.App. 322, 97 So. 251. Or, if the state proves that he offered to treat persons for a disease, a case would be made. Ex parte Wideman, 213 Ala. 170, 104 So. 440. Here, the opinion of the Court of Appeals does not disclose a holding out or offer to treat diseases, but that this prosecution is based upon the first alternative in the statute, that is, he actually treated persons for a disease when, as disclosed by the opinion, the defendant did not treat them for a disease, but for something that did not amount to a disease, and there is nothing to show that the defendant diagnosed or regarded the pains as a disease and treated same as such.

"From the undisputed facts, as set out in the opinion of the Court of Appeals, we agree that the defendant was due the general charge."

The foregoing authorities are conclusive to the effect that the verdict and the judgment based thereon are impregnated with error and cannot be sustained.

 While not necessary to a conclusion in this case, we are of the opinion the assignment of error based upon the ruling of the court in denying to the respondent the right to argue the case to the jury should have our consideration; if for no other purpose, for future reference and guidance. In this ruling the court committed reversible error, as insisted by counsel for appellant. The constitutional right of counsel in the prosecution or defense of civil causes includes the right of argument subject to proper supervision by the court, and in cases, as here, where the affirmative charge is given, the general rule as to right of argument is as follows:

"When the party holding the burden of proof wholly fails to adduce evidence to support the cause of action or defense, or where the testimony of one's own witnesses, without conflict, makes out the case of the opposing side, the court may direct the verdict by affirmative instruction without hypothesis on request in writing. In such case there is nothing to argue. The party

may not assail the credibility of his own witnesses in argument.

"But, if the evidence is solely from witnesses on the side of the party holding the burden of proof, the affirmative instruction must be with hypothesis, such as, 'if the jury believe the evidence.' This expressly submits to the jury the issue upon the credibility of the witnesses. The right to argue this issue obtains as in other cases. The rule is subject to the general right and duty of the court to confine the argument to that issue, and the legitimate matters going to the credibility of witnesses. Brown v. Mobile Electric Co., 207 Ala. 61, 91 So. 802; Reed v. Ridout's Ambulance, 212 Ala. 428, 102 So. 906; Dorough v. Alabama Power Co., 200 Ala. 605, 76 So. 963; Shipp v. Shelton, 193 Ala. 658, 69 So. 102." Harris v. State, 215 Ala. 56, 58, 109 So. 291, 293.

From what has been said, and in accordance with other well-settled principles of law which need not be discussed, there was manifest error in the action of the court in denying and overruling defendant's motion for a new trial as every ground of the motion was well taken and should have been sustained.

For the numerous errors indicated, the judgment of the court, from which this appeal was taken, is reversed. There appears no necessity to remand the case to the lower court, as the respondent was entitled to his discharge, and the trial court should have so ordered. Failing to do so, an order is here entered discharging the appellant from further custody in this proceeding.

Reversed and rendered.