(106 So. 203)

### ROBINSON v. STATE. (2 Div. 342.)

(Court of Appeals of Alabama. Nov. 10, 1925.)

1. **Criminal law** ⬅1090(8, 16)—**In absence of bill of exceptions, rulings, upon motions to exclude all evidence and for new trial, are not presented.**

In absence of bill of exceptions, rulings, upon motion to exclude all evidence and motion for new trial, are not presented.

2. **Physicians and surgeons** ⬅6(9)—**Necessary averments in indictment for treating or offering to treat diseases without license stated.**

Necessary averments of indictment under Code 1907, § 7564, amended by Acts 1915, p. 661, are that, before finding of indictment, accused did treat or offer to treat diseases without having obtained certificate of qualification from state board of medical examiners.

3. **Indictment and information** ⬅120—**Averments in indictment held unnecessary, but, while subject to proper demurrer, not to vitiate indictment.**

Averments in an indictment for treating or offering to treat diseases of human beings without certificate of qualification that treatment was by a system known as chiropractic for a reward is not necessary to valid indictment, but, although subject to proper demurrer, does not vitiate the indictment.

Appeal from Circuit Court, Dallas County; S. F. Hobbs, Judge.

James A. Robinson was convicted of practicing medicine without a license, and he appeals. Affirmed.

See, also, post, p. 169, 106 So. 204.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

The indictment was not subject to demurrer. Gullatt v. State, 18 Ala. App. 21, 88 So. 371; Fason v. State, 19 Ala. App. 533, 98 So. 702; Thompson v. State, 19 Ala. App. 328, 97 So. 258; Robinson v. State, 212 Ala. 459, 102 So. 693.

BRICKEN, P. J. The indictment in this case was returned by the grand jury at the January, 1922, term of the circuit court. The trial thereunder, at which defendant was convicted, was held on February 5, 1925, more than three years after the indictment had been found.

The indictment charged this appellant with the offense denounced by section 7564 of the Code of 1907, as amended by Acts 1915, p. 661, which prohibits any person from treating or offering to treat diseases of human beings without having obtained a certificate of qualification from the state board of medical examiners.

[1] On this appeal there is no bill of exceptions. No brief has been filed in behalf of appellant. In the absence of a bill of exceptions, the rulings of the court upon motion to exclude all the evidence and motion for new trial are not presented. The only question presented here is the action of the court in overruling defendant's demurrers to the indictment.

[2] All that is necessary in an indictment to properly charge this offense is:

"The grand jury of said county charge that, before the finding of this indictment, A. B. (naming the defendant) did treat or offer to treat diseases of human beings in this state, without having obtained a certificate of qualification from the state board of medical examiners, against the peace and dignity of the state of Alabama."

[3] Such averments in the indictment as here contained, to wit, by a system known as chiropractic for a reward, are not necessary to a valid indictment. As stated, the offense denounced is treating, or offering to treat, human diseases, without a certificate of qualification from the state board of medical examiners; and, the quoted averment, "by a system known as chiropractic for a reward," is not an element of the offense. The phrase in the statute, "by any system of treatment whatsoever," is no part of the description of the offense. Ex parte Wideman, 213 Ala. 170, 104 So. 442. As therein stated:

"On the contrary, it is intended to make plainer, if possible, the legislative purpose by declaring that any person who treats, or offers to treat, diseases of human beings, without having obtained a certificate of qualification, is guilty of a misdemeanor, no matter what system of treatment he uses, or professes to use."

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 20 Ala. App. 660.

However, as to the unnecessary averments, above mentioned, in the indictment in the case at bar, they in no manner vitiated the indictment. · They very probably subjected the indictment to proper demurrer, but the demurrers interposed here do not raise the question. The demurrers which were interposed to the indictment were properly overruled.

No other question is presented by the record. The judgment of conviction appealed from must be affirmed.

Affirmed.