John C. Donoghue v. The Indiana & Lake Michigan Railway Company.

*Contract—Directing verdict—Polling jury.*

1. A verdict is held to have been properly directed in defendant's favor, the whole trend of the evidence going to show that, if the plaintiff has a cause of action, it is against a third party, who signed the contract upon which defendant is sought to be held in his individual capacity.[1]
2. When a verdict is directed by the court, an issue of law is raised upon the whole case, and the defeated party cannot claim the right to poll the jury.

Error to Berrien. (O'Hara, J.) Argued June 3, 1891. Decided July 28, 1891.

[1] See, as to right to direct a verdict, note to *Morley v. Insurance Co.*, 85 Mich. 210; *Clow v. Plummer*, Id. 550.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*C. B. Potter* (*Potter & Potter,* of counsel), for appellant.

*Edward Bacon,* for defendant.

CHAMPLIN, C. J. The court directed a verdict for the defendant. This raises the question of law whether the plaintiff had failed to introduce any competent proof, to substantiate some material fact in issue.

The question in dispute here is whether the defendant entered into contract relations with the plaintiff. The contract introduced in evidence was not signed by the defendant, and its execution was denied under oath, in accordance with Circuit Court Rule 79. The contract was signed by William Dallin individually, and hence the further question is raised whether, in so signing his name, he acted for and bound the defendant company. He did not purport to sign it as agent, or in any other capacity than as an individual, and there is no testimony in the case tending to show any authority, expressed or implied, originally given or afterwards ratified, from the defendant to Dallin, to sign the contract on behalf of the company. The whole trend of the evidence is to show that, if the plaintiff has a cause of action, it is against Dallin, and not against the company. There was no error in directing a verdict for the defendant.

Plaintiff's counsel claimed the right to poll the jury. The court refused to permit him to do so. There was no error in this. When the court directs a verdict, an issue of law is raised upon the whole case, and there is no fact for the jury to find.

The judgment is affirmed.

The other Justices concurred.