THOMAS W. KINSER

*v.*

THE CALUMET FIRE CLAY COMPANY.

*Filed at Ottawa January 19, 1897—Rehearing denied March 12, 1897.*

1. PRINCIPAL AND AGENT—*agent's general authority is limited to the scope of his agency.* An agent employed to sell sewer-pipe has no general authority to bind his employer by a contract, to the effect that if a contractor would reduce his bid sufficiently to get a public contract for sewer building, his employer, if the necessary pipe were purchased from him, would see that the contractor lost no money on the contract.

2. TRIAL—*when court may peremptorily instruct for plaintiff.* Where the sole defense to a suit is based on the breach of a contract made between the defendant and an agent of the plaintiff, the court may instruct the jury to find for the plaintiff, where the contract proved by the defendant is clearly outside the general scope of the agent's employment, and no attempt is made to prove express authority or ratification.

3. SAME—*court may refuse to allow jury to be polled when verdict was directed.* The trial court may refuse to allow the jury to be polled when the verdict returned by them is in accordance with the court's peremptory instruction.

*Kinser* v. *Calumet Fire Clay Co.* 64 Ill. App. 437, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

HAMLINE, SCOTT & LORD, for appellant:

Where a principal is absent, a general agent must necessarily possess and exercise the same powers and authority in the business that his principal could if present. *Insurance Co.* v. *Grunert,* 112 Ill. 68.

Power to act generally in a particular business, or a particular course of trade in a business, however limited, constitutes a general agency, if the agent is so held out to the world, however restricted his private instructions may be. *Crain* v. *Bank,* 114 Ill. 516.

An agent interested in a company, and representing it in another State, is presumed to be empowered to transact all his principal's business in that State. And this constitutes a general agency, and his declarations as to consideration bind the principal. *Carver* v. *Louthain*, 38 Ind. 531; *Insurance Co.* v. *Peters*, 75 Ill. 435; 1 Parsons on Contracts, 40.

This is a presumptive fact, which stands until rebutted by evidence showing that the agent in fact exceeded his authority in doing the act. 2 Morawetz on Corp. sec. 616.

The right of trial by jury as heretofore enjoyed includes the right to poll the jury,—to ascertain whether the verdict as signed was the verdict of each man. *Martin* v. *Morelock*, 32 Ill. 487.

Counsel have the right to ask a juryman if the verdict he is directed to sign is his verdict, and a juryman has a right to say no. *Poppers* v. *Bank*, 10 Ill. App. 534.

WILLIAM P. HAYS, and SULLIVAN & MCARDLE, for appellee:

When the court directs a verdict, an issue at law is raised upon the whole case, and, there being no fact for the jury to find, it is not error to refuse to allow the jury to be polled. *Donoghue* v. *Railway Co.* 87 Mich. 13; *Bell* v. *Hutchings*, 86 Ga. 562.

A general agency, until revoked, is co-extensive in scope and duration with the business. *Insurance Co.* v. *Grunert*, 112 Ill. 68; *Hess & Co.* v. *Heegaard*, 54 Ill. App. 227.

An agent employed to sell has power, in binding his principal, to do only what is necessary in the course of the business of selling. *Boltz* v. *Huston*, 23 Ill. App. 579; *Monson* v. *Jacques*, 44 id. 307; *Williams* v. *Merritt*, 23 Ill. 573.

Everything is presumed to be within the scope of a general agent's powers, but when the agent is one for a special purpose nothing is presumed. *Williams* v. *Merritt*, 23 Ill. 573; *Thornton* v. *Boyden*, 31 id. 200; *Baxter* v. *Lamont*, 60 id. 237; *Taylor* v. *Railroad Co.* 74 id. 86.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee obtained judgment against appellant in the circuit court of Cook county by default, for $1973.86. Subsequently the court set it aside, and allowed defendant to plead upon his executing bond to pay any judgment which might be obtained against him. He executed the bond and filed several pleas, one of which set up "that at the instance and request of the plaintiff, defendant entered into a contract with the city of Anderson, Indiana, to construct for said city, within its limits, a system of sewers, for which said city agreed to pay the defendant $71,850, and at the same time, and contemporaneously with the making of said contract, defendant agreed to purchase of plaintiff the sewer-pipe necessary to go into the said system of sewers, upon the plaintiff representing and agreeing that it would allow him, the defendant, a credit on the purchase price of said sewer-pipe equal to the amount, if any, which he, the defendant, might lose in completing the contract with the city of Anderson, according to the specifications, at the price of $71,850; that defendant completed the contract at a cost to him of $78,000, and has paid to the plaintiff all he agreed to pay it as the contract price for such sewer-pipe, except $1650; that the plaintiff was active, as the work progressed, in collecting from defendant the purchase price of said sewer-pipe, and defendant, upon the completion of said work, found it had cost him more than the contract price; that if he were to pay the plaintiff the amount claimed of him, he would lose on said contract with the city of Anderson $6000; that the plaintiff was so informed and requested to account with the defendant, to pay over to him the amount he would lose on said contract over and above $1650, all of which the plaintiff has refused to do, which said sum of money which has been overpaid to the plaintiff, to-wit, $6000, so due from the plaintiff to the defendant as aforesaid, exceeds the damages sustained by the plaintiff by reason of the non-performance

by the defendant of the several supposed promises in the said declaration mentioned, and out of which said sum of money the defendant is ready and willing, and hereby offers, to set off and allow to the plaintiff,—and this the defendant is ready to verify, wherefore he prays judgment if the plaintiff ought to have its aforesaid action against him, and that he may have judgment against the plaintiff for $4000."

The defense relied upon on the trial was that averred in this plea. The only testimony introduced in support of it was to the effect that one Frank Hartford, who represented the plaintiff in the sale to defendant of the sewer-pipe used by him in the Anderson contract, at the time of the bidding told him he must reduce his bid of $80,000 below $72,000 as another bidder had bid the latter amount; that upon defendant replying that he could not "do it and come out on it," Hartford said: "If you can't do that we will see that you don't lose any money. We want to sell our pipe, and we don't want to sell it to this other party. I want to sell this pipe to you. There is one other man that is going to bid on this contract, and I will see that you don't lose any money;" that upon the making of these statements the bid was reduced below $72,000 and the contract awarded to defendant; that in the performance of it he lost $6000. After this evidence had gone to the jury the court excluded it, on the ground that there was no proof offered to show that Hartford had authority to bind the plaintiff by such an agreement. The jury were then instructed to return a verdict for the plaintiff for $1973.86, which they did. Counsel for the defendant then requested the court to allow him to poll the jury, which was denied and judgment entered on the verdict. The Appellate Court having affirmed that judgment this appeal is prosecuted.

It is clear that the evidence introduced on behalf of the plaintiff entitled it to the judgment rendered, unless the defense set up in the plea of set-off was sustained.

It is not claimed that any proof whatever was offered of express authority from the plaintiff to Hartford to enter into a contract like that set up in the plea. There was therefore an entire absence of proof of such authority, unless it can be said that, being the agent of the company to sell its sewer-pipe, authority to bind it by his agreement that a purchaser should lose nothing upon a contract is implied,—and such is clearly not the law. (*Toledo, Wabash and Western Railway Co.* v. *Elliott,* 76 Ill. 67; Story on Agency,—9th ed.—sec. 170; *Cooley* v. *Perrine,* 41 N. J. L. 322.) If, then, what was said between the parties, as detailed by the defendant, amounted to a contract on behalf of the plaintiff to repay the defendant all money which he might lose on the Anderson contract, (which is certainly very doubtful,) the plaintiff is not bound thereby, because no authority to make it was shown. The plaintiff having made a clear case, and the defense wholly failing for want of proof tending to establish a fact material and necessary thereto, the court was justified in peremptorily instructing the jury to find for the plaintiff.

The contention that it was error to refuse to allow the jury to be polled after it had obeyed that instruction is, in our opinion, wholly without merit. The peremptory instruction to find for the plaintiff was, in effect, taking the case from the jury. When the court directs a verdict an issue of law is raised upon the whole case, and there is no fact for the jury to find. To poll a jury upon the rendering of such a verdict would be an idle ceremony, resulting in no possible benefit to any one. *Donnohue* v. *I. & L. M. Ry. Co.* 87 Mich. 13; *Bell* v. *Hutchings,* 86 Ga. 562.

The judgment will be affirmed.

*Judgment affirmed.*