(104 So. 440)

## Ex parte WIDEMAN.

## WIDEMAN v. STATE.

### (3 Div. 704.)

(Supreme Court of Alabama.　Jan. 28, 1925. Rehearing Granted May 14, 1925.)

#### On Rehearing.

1. **Physicians and surgeons ⬤⟹6(9)—Indictment for practicing medicine without certificate held sufficient without alleging defendant used system of treatment.**

In prosecution of chiropractor for practicing medicine without a certificate of qualification under Code 1907, § 7564, as amended by Acts 1915, p. 661, now Code 1923, § 5191, indictment *held* sufficient without alleging generally or specifically that defendant used "any system of treatment"; such phrase not being descriptive of offense denounced by statute.

2. **Indictment and information ⬤⟹110(1)—Rule that indictment must charge offense substantially, in language of statute, relates to description of offense only.**

Rule that no statutory form being provided, indictment for a statutory offense must charge it substantially in language of statute, relates to description of offense only.

3. **Physicians and surgeons ⬤⟹6(1)—Statute, prohibiting treatment of disease without certificate, does not prohibit casual and friendly service.**

Code 1907, § 7564, as amended by Acts 1915, p. 661, now Code 1923, § 5191, prohibiting treatment of disease without securing a certificate of qualification from state board of medical examiners, does not prohibit a merely casual and friendly service.

Anderson, C. J., and Sayre and Miller, JJ., dissenting.

Appeal from certiorari to Court of Appeals.

Petition of U. G. Wideman for certiorari to the Court of Appeals to review the judgment and decision of that court in the case of Wideman v. State, 20 Ala. App. 422, 104 So. 438.

Writ denied on rehearing.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 212 Ala. 406.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for petitioner.

The first count of the indictment was defective for failing to allege that the treatment was by a system. Ex parte Stollenwerck, 201 Ala. 392, 78 So. 454; 37 Cyc. 663.

Harwell G. Davis, Atty. Gen., Lamar Field, Asst. Atty. Gen., and W. Temple Seibels, Sol., and Robert G. Arrington, Asst. Sol., both of Montgomery, opposed.

It was not necessary that the indictment allege the use of any system of treatment. Sprowl v. Lawrence, 33 Ala. 674; Thompson v. State, 20 Ala. 54; Garland v. Board of Revenue of Montgomery County, 87 Ala. 223, 6 So. 402; Bragg v. State, 134 Ala. 165, 32 So. 767, 58 L. R. A. 925; Smith v. State, 8 Ala. App. 352, 63 So. 28; Carter v. State, 3 Ala. App. 112, 57 So. 1022; Ex parte Smith, 183 Ala. 116, 63 So. 70; Fealy v. Birmingham, 15 Ala. App. 367, 73 So. 296; McLosky v. State, 19 Ala. App. 544, 98 So. 706; Thompson v. State, 19 Ala. App. 328, 97 So. 258; Frazier v. State, 19 Ala. App. 322, 97 So. 251; Id., 18 Ala. App. 686, 93 So. 925.

MILLER, J. The indictment contained two counts. The trial court overruled the demurrer of defendant to the first count; the Court of Appeals found no error in this ruling. This count alleged:

"That the defendant did treat or offer to treat diseases of human beings without having obtained a certificate of qualification from the state board of medical examiners."

It fails to allege by what system of treatment the defendant did treat or offer to treat the diseases. It fails to allege that he did treat or did offer to treat diseases of human beings by a system of treatment. Was one or the other allegation necessary? Yes.

The statute makes it a misdemeanor for "any person who treats or offers to treat diseases of human beings in this state by any system of treatment, whatsoever, without having obtained a certificate of qualification from the state board of medical examiners." Section 7564, Code 1907, as amended by Acts 1915, p. 661.

The treatment, or offer to treat, must be by some system of treatment to make it a criminal offense under the statute. The count should have described all of the constituents or all of the ingredients of the offense in the statute to make it appear therein that the defendant was guilty thereof. This count should have named the system of treatment used, or proposed to be used, by the defendant in treating diseases of human beings, or it should have charged that the defendant did treat, or offer to treat, diseases of human beings by a system of treatment. It is obvious that every charge in this count in the indictment might be true, and yet the defendant would not have violated the statute.

He might have offered to treat, or treated, diseases of human beings, but did so by no system of treatment whatsoever. It must be by some system of treatment under the statute to make it a criminal offense. Sparrenberger v. State, 53 Ala. 481, 25 Am. Rep. 643; Ex parte Stollenwerck, 201 Ala. 392, 78 So. 454; section 7564, Code 1907, amended by Acts 1915, p. 661; section 5191, Code 1923.

This count in the indictment is insufficient, subject to the grounds of demurrer assigned to it, and the trial court erred in overruling them. The demurrers should have been sustained to this the first count in the indictment.

The petition for writ of certiorari to the Court of Appeals is granted, and its judgment is reversed, and remanded for further consideration in accordance with this opinion.

Writ awarded, reversed, and remanded.

ANDERSON, C. J., and SAYRE, SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

GARDNER, J., dissents.

PER CURIAM. Application for rehearing granted, former judgment set aside, and writ denied.

SOMERVILLE, GARDNER, THOMAS, and BOULDIN, JJ., concur.

ANDERSON, C. J., and SAYRE and MILLER, JJ., dissent.

## On Rehearing.

SOMERVILLE, J. [1, 2] Section 5333, Code 1896, provides:

"Any person, who practices medicine or surgery without having first obtained a certificate of qualification from one of the authorized boards of medical examiners of this state, must, on conviction, be fined," etc.

By the Act of August 9, 1907 (Acts 1907, p. 591, § 19) that section was amended and became section 7564, Code 1907, as follows:

"Any person who treats or offers to treat diseases of human beings in this state by any system of treatment whatsoever without having obtained a certificate of qualification from the state board of medical examiners shall be guilty of a misdemeanor," etc.

This statute is found unchanged in the Code of 1923 (section 5191), except for an amendment by the Act of September 22, 1915 (Acts 1915, p. 661) requiring that cases thereunder shall be tried in the court wherein the indictment was preferred. In 1901, in a very learned and interesting opinion by Tyson, J., this court held that the practice of osteopathy is the practice of medicine, within the meaning of that phrase in section 5333, Code 1896, though no drugs or other agents were administered internally to the patient, the court observing:

"Thus it is made entirely clear both by definitions and history that the word 'medicine' has a technical meaning, is a technical art or science, and as a science the practitioners of it are not simply those who prescribe drugs or other medicinal substances as remedial agents, but that it is broad enough to include and does include all persons who diagnose diseases and prescribe or apply any therapeutic agent for its cure." Bragg v. State, 134 Ala. 165, 177, 32 So. 767, 771; 58 L. R. A. 925.

It is, we think, quite clear that the language of the present statute punishing "any person who treats or offers to treat diseases," was advisedly substituted for the language of the former statute punishing "any person who practices medicine or surgery," etc., in the light of the decision in Bragg v. State, supra, the purpose being, by the use of a comprehensive and well-understood phrase, to foreclose such evasive contentions as the one made in that case.

As said in the Bragg Case, "the legislative purpose [in these enactments] was to protect the public against charlatanism, ignorance and quackery"; and, in Brooks v. State, 146 Ala. 153, 155, 41 So. 156, "our statutes in this respect are not only intended as a means of maintaining a high standard in the ranks of the medical profession, but are designated to protect the public from imposition and fraud."

The treatment of disease comprehends diagnosis and the prescription or application of remedies for its alleviation or cure. Besides the allopathic and homeopathic schools of medicine, both of which employ drugs in the treatment of disease, there are a number of drugless systems such as osteopathy, hydropathy, electrotherapy, thermotherapy, psycotherapy, and chiropractic.

Manifestly, the phraseology of the present statute is designed to place under the regulation prescribed all of those systems for the treatment of human diseases, as well as any other system that may be conceived. The offense denounced is treating, or offering to treat, human diseases without a certificate of qualification from the state board of medical examiners. The phrase "by any system of treatment whatsoever" is no part of the description of the offense. On the contrary, it is intended to make plainer, if possible, the legislative purpose by declaring that any person who treats, or offers to treat, diseases of human beings, without having obtained a certificate of qualification, is guilty of a misdemeanor, no matter what system of treatment he uses, or professes to use. Very clearly the idea was to include in the denunciation every system of treatment, whether with drugs or without, and whether the therapeutic agencies employed were administered internally or were applied externally only. The language is not restrictive in meaning or in purpose, but is intended to prevent any restriction as to the mode of treatment.

Certainly we cannot impute to the Legislature the utterly irrational and destructive purpose of turning loose upon the people of the state a horde of ignorant charlatans and quacks, to practice medicine as they please, so long as they are able to show that they use no system. Such practitioners would be far more dangerous than those who are intelligent and skillful enough to follow some system of treatment. If to this it be answered that every treatment of disease does of necessity, ipso facto, exhibit a system of treatment, so that the allegation of treating disease "by a system of treatment," is proved by showing any sort of treatment, then, to require such an allegation in the indictment would be useless, and, indeed an indefensible absurdity; for the mere allegation of treating disease would per se show a system.

We of course recognize the rule that, no statutory form being provided, an indictment for a statutory offense must charge the offense substantially in the language of the statute. But that rule relates to the description of the offense only, and the phrase, "by any system of treatment whatsoever," is in no sense descriptive of the offense denounced by section 5191 of the Code, as we have already stated. In short, it rejects and discards system as an element of the offense.

[3] In Nelson v. State, 97 Ala. 79, 12 So. 421, dealing with the former statute (Code 1896, § 5333), it was said:

"We are of the opinion that it is not a violation of the statute for a person, who does not solicit patronage, who does not hold himself out as a physician, and does not pretend to be a physician, to simply advise or give medicine to a sick person, merely as a neighbor and friend, and make no charge and not expect any compensation for his services."

We think the same qualification is inherent in the present statute, notwithstanding the change in the language. It does not prohibit a merely casual and friendly service. We think the indictment was sufficient without alleging, either generally or specially, that the defendant used a system of treatment, and that the Court of Appeals properly held that the demurrer on that ground was without merit.

Our former judgment granting the writ of certiorari will be set aside, and a judgment will be now rendered denying the writ.

Writ denied.

GARDNER, THOMAS, and BOULDIN, JJ., concur.

ANDERSON, C. J., and SAYRE and MILLER, JJ., dissent.