(109 So. 290)

## DONOVAN v. STATE ex rel. BIGGS, Solicitor. (3 Div. 735.)

(Supreme Court of Alabama. Jan. 14, 1926. Rehearing Granted June 24, 1926.)

**1. Quo warranto ⬥33, 63.**

Under Code 1923, §§ 9933, 9938, solicitor need not be made party personally to action in nature of quo warranto brought by direction of circuit judge under section 9932 against person unlawfully usurping or intruding into profession requiring license or certificate, nor need security for costs be given.

**2. Judges ⬥49(2).**

Order of circuit judge, reciting his belief that person is unlawfully usurping or intruding into profession requiring license or certificate in violation of Code 1923, § 9932, does not disqualify him to preside at trial for bias or interest.

**3. Quo warranto ⬥48.**

Under Code 1923, § 5191, information alleging person has intruded into profession of treating or offering to treat diseases of human beings without having obtained certificate from state board of medical examiners *held* to sufficiently charge intruding into profession in violation of section 9932.

**4. Quo warranto ⬥48.**

Prayer of information charging person with intruding into profession in violation of Code 1923, § 9932, requiring and commanding such person to show by what authority he is practicing profession, and that he be excluded therefrom until having complied with law, *held* sufficient.

**5. Quo warranto ⬥61.**

Alternative writ issued on information, charging person with intruding into profession requiring license, in violation of Code 1923, § 9932, following general language of information, is sufficient.

**6. Evidence ⬥538.**

Person alleged to have intruded into profession requiring license, in violation of Code 1923, § 9932, is not competent witness to express opinion of whether chiropractic adjustments were treatment of disease.

**7. Physicians and surgeons ⬥6(1).**

Treatment designed to remove cause of disease followed as profession for pay is treatment of disease within law, for which examination and certificate of qualification is required under Code 1923, § 2837.

### On Rehearing.

**8. Quo warranto ⬥55.**

In quo warranto against one alleged to have intruded into profession in violation of Code 1923, § 9932, objections to questions asked defendant, calling for denial of facts testified to by state witnesses, *held* erroneously sustained.

Appeal from Circuit Court, Conecuh County; John D. Leigh, Judge.

Quo warranto by the State of Alabama, on the relation of Leonard S. Biggs, Solicitor, against W. J. Donovan. From a judgment finding him guilty of practicing without a license, respondent appeals. Reversed and remanded on rehearing.

Hybart, Hare & Dickey, of Evergreen, for appellant.

Having ordered the solicitor to institute proceedings to prohibit the respondent from practicing his profession, the trial judge was disqualified to preside over the case. Ex parte Cornwell, 144 Ala. 497, 39 So. 354. The complaint is faulty, and subject to demurrer. The solicitor should have made himself a party to the proceedings, and the complaint should clearly and concisely set forth the facts. Code 1923, §§ 9938, 9940; Ham v. State, 156 Ala. 645, 47 So. 126; State ex rel. v. Matthews, 153 Ala. 646, 45 So. 307; L. & N. R. Co. v. State, 154 Ala. 156, 45 So. 296. The court erred in rulings on evidence. Atlanta & St. A. B. R. Co. v. Fowler, 192 Ala. 377, 68 So. 283.

Harwell G. Davis, Atty. Gen., Robt. G. Tate, Asst. Atty. Gen., and Leonard S. Biggs, of Monroeville, for appellee.

The fact that the judge made a formal order that the solicitor institute the proceeding did not disqualify him to try the case. Code 1923, § 9933. There was no necessity that Biggs become personally a party to the proceeding. The petition or complaint was sufficiently definite and concise. Robinson v. State, 212 Ala. 459, 102 So. 693. The questions to which objections were sustained were irrelevant and misleading.

BOULDIN, J. An action in the nature of quo warranto may be brought against any person who unlawfully usurps or intrudes into any profession requiring a license or certificate or other legal authorization in this state. Code, § 9932.

[1] Such action, brought by direction of the judge of the circuit court, proceeds in the name of the state upon the relation of the solicitor in his official capacity. It is not required that the solicitor be made a party personally nor that security for costs be given as in cases of information filed by a private person. Code, §§ 9933, 9938.

[2] It is contemplated that the judge shall have advance information leading him to believe the charge can be proven and the proceeding is for the public good. His order, reciting such belief, and directing the action brought against such person to prohibit him from practicing the profession, etc., does not disclose any bias or interest on the part of the judge disqualifying him to preside at the trial, or to hear the case, if no jury is demanded; nor does the order show any prejudgment of the fact that respondent is en-

gaged in such unlawful practice of a profession.

[3] An information alleging "that relator gives the court further to understand and be informed, and does aver that W. J. Donovan, in said county of Conecuh, Ala., and since the 18th day of August, 1924, has intruded into the profession of treating or offering to treat diseases of human beings (a profession requiring a certificate from the state board of medical examiners of the state of Alabama), without having obtained a certificate or qualification from the state board of medical examiners of the state of Alabama, as required by law, and is still unlawfully treating or offering to treat diseases of human beings in Conecuh county, Ala.," is a sufficient charge of intruding into a profession. Code, § 5191; Ex parte Wideman, 213 Ala. 170, 104 So. 440; Belding v. State, 214 Ala. 380, 107 So. 853.

[4, 5] The prayer, "that process may issue as provided by law, requiring and commanding the said W. J. Donovan to show by what authority he is practicing said profession, in Conecuh county, Ala.," and "that said W. J. Donovan be excluded from said profession and prohibited from practicing the same in Conecuh county, Ala., until he has complied with the law," is sufficient; and it is sufficient that the alternative writ follow the general language of the information.

The testimony showed without conflict that respondent had an office, with a sign, "Dr. W. J. Donovan, Chiropractor"; that he inserted an advertisement in the local newspaper containing the usual claims as a basis for chiropractic treatment, among others, "Chiropractic adjusts the cause of disease," signed as above, and giving the location of his office in Evergreen; that several persons, witnesses for the state, were treated by chiropractic "adjustings" of the spine for sundry complaints for pay.

[6, 7] Respondent, in a series of questions, was asked if he "treated or offered to treat diseases." Objections to these questions were sustained. No questions were asked calling for a denial of the specific facts given by the state witnesses. The steady adherence to the same form of question implies a purpose to get the doctor's opinion to the effect that chiropractic adjusting is not a treatment of disease. This is a legal question as to which he was not a competent witness. There can be no question that treatment, designed to remove the "cause of disease," followed as a profession for pay, is a treatment of disease within the meaning of our law. "Chiropractics" is expressly named as one of the methods of treatment of diseases for which examination and certificate of qualification is required. Code, § 2837.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

## On Rehearing.

BOULDIN, J. [8] The court in full conference upon reconsideration is of opinion that some of the questions propounded to defendant called for a denial of facts testified to by state witnesses, that the state should have been put to cross-examination, and there was error in sustaining the state's objections.

Application for rehearing granted, and the cause is reversed and remanded.

Application granted; reversed and remanded.

All the Justices concur.