## HARRIS v. STATE ex rel. WILSON, Solicitor.
(6 Div. 713.)

(Supreme Court of Alabama. June 24, 1926.)

**1. Physicians and surgeons ⊂⊃1.**

State can prescribe standard of qualification for practicing chiropractics, provide for examination for license and certification, and prescribe penalty for practicing without license.

**2. Physicians and surgeons ⊂⊃6(1).**

Statutes, including Code 1923, §§ 2837, 2839, prescribing qualifications for engaging in treating diseases of human beings, providing for examination, and prescribing penalties for treating without license, *held* to apply to chiropractors.

**3. Quo warranto ⊂⊃7.**

Code 1923, § 9932, subd. 1, authorizing quo warranto proceedings against person intruding into profession requiring legal authorization, authorizes quo warranto proceedings against chiropractors.

**4. Quo warranto ⊂⊃2—Though practicing chiropractics without license is criminal, "quo warranto" proceedings against unlicensed chiropractor held not violative of Constitution prohibiting criminal proceedings by information for indictable offense (Const. 1901, § 8; Code 1923, § 9932).**

Though practicing chiropractics without license is criminal (Code 1923, § 9932), quo warranto proceedings against unlicensed chiropractors are not prohibited by Const. 1901, § 8, providing that no person shall for indictable offense be proceeded against criminally by information, since "quo warranto" proceedings are not criminal proceedings, but try right to and oust from unlawful enjoyment of public office, privilege, or franchise.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Quo Warranto.]

**5. Quo warranto ⊂⊃58.**

In quo warranto proceedings against unlicensed chiropractor, where state's evidence was direct, positive, and undisputed that respond-

ent was engaged in profession of chiropractor, affirmative charge with hypothesis was properly given.

**6. Trial ⬳108—In quo warranto proceedings against unlicensed chiropractor, where affirmative charge with hypothesis was properly given, refusing leave to defendant's counsel to argue case to jury was reversible error.**

In quo warranto proceedings against unlicensed chiropractor, where affirmative charge for state with hypothesis was properly given, refusing leave to defendant's counsel to argue case to jury was reversible error; credibility of witnesses being proper subject for argument.

**7. Trial ⬳108, 168—When party having burden of proof fails to support action or defense, or his witnesses' testimony without conflict makes out adversary's case, court may give affirmative charge without hypothesis and without allowing argument.**

When party having burden of proof fails to support action or defense, or his witnesses' testimony without conflict makes out case of adversary, court, on request in writing, may give affirmative charge without hypothesis and without allowing argument.

**8. Trial ⬳108, 140(1).**

If evidence is solely from witnesses of party having burden of proof, court must give affirmative charge, if at all, with hypothesis and allow argument on credibility of witnesses.

Thomas, J., dissenting.

Appeal from Circuit Court, Pickens County; John McKinley, Judge.

Quo warranto by the State of Alabama, on the relation of B. G. Wilson, Solicitor, against Robert Bruce Harris. From a judgment for plaintiff, respondent appeals. Reversed and remanded.

E. L. Dodson, of Tuscaloosa, for appellant.

Motion to quash the proceeding should have been sustained. Const. 1901, § 8; Larkin v. Simmons, 155 Ala. 273, 46 So. 451; Code 1923, §§ 9929, 9932; 32 Cyc. 1414. The proceeding is criminal, and defendant should be allowed to strike two veniremen to the state's one. Code 1923, § 8641. The act of treating disease without license is an indictable offense. Code 1923, § 1923.

Harwell G. Davis, Atty. Gen., for appellee.

Brief of counsel did not reach the Reporter.

BOULDIN, J. The state, on relation of the circuit solicitor, instituted proceedings in the nature of quo warranto against appellant. The information charges that respondent—

"has intruded into the profession of treating or offering to treat diseases of human beings (a profession requiring a license or certificate or other legal authorization within this state),

without having obtained a certificate of qualification from the state board of medical examiners of the state of Alabama or the license required by law, and is still unlawfully practicing said profession in Pickens county, Ala."

The prayer was that he be ousted from such profession and prohibited from practicing the same.

On the trial, the evidence showing without conflict that respondent was engaged in the business or profession of a "chiropractor," and no certificate of qualification being shown, the court gave the affirmative charge, with hypothesis, for the state.

[1, 2] The theory often put forward to excuse the chiropractor from examination and certificate of qualification is stated in plea and answer No. 6, to which demurrer was sustained, and which reads:

"That the defendant is engaged in the business or work of a chiropractor, which business or work is a method of palpation, or nerve tracing and adjustment of vertebræ for the relief of morbid conditions. That the science of chiropractic does not recognize the theory of the existence of human diseases as such. Chiropractic is the philosophy or science and art of things natural, and a system of adjusting the subluxated vertebræ of the spinal column, by hand, for the restoration of health, and, acting upon the theory of chiropractic, the defendant does not diagnose, or take into account diseases of human beings in his business or work as a chiropractor in his nerve tracing and adjustment of the vertebræ, and he denies that he engages in or has intruded into the practice of medicine in the treatment of diseases of human beings, or that he treats or offers to treat diseases of human beings."

Whatever the theory of the relation of chiropractic adjustment to disease, the chiropractor is one of those required by law to have a "certificate of qualification to treat diseases of human beings." "Chiropractics" is specially named as one of the schools of "mechanotherapy" in whose favor all educational qualifications are waived except a diploma showing graduation from such school. The subjects upon which the applicants are examined are limited. Code, § 2837. The certificate entitles the holder to treat in accordance with the teachings of his "school" or "sect." Code, § 2839.

That the state, under its police power to promote the public health, has authority to fix a standard of qualification, provide for examination and certification, and prescribe penalties for engaging in the profession without the certificate of qualification, is not debatable. That these statutes apply to chiropractors is fully settled. Wideman v. State, 20 Ala. App. 422, 104 So. 438; Ex parte Wideman, 213 Ala. 170, 104 So. 440; Bragg v. State, 134 Ala. 165, 32 So. 767, 58 L. R. A. 925.

[3] That quo warranto proceedings, under Code, § 9932, subd. 1, against any person who

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

intrudes into any profession requiring a certificate or other legal authorization, may be maintained against chiropractors, has been recently considered and declared by this court. Cummings v. State (Ala. Sup.) 106 So. 852;[1] Robinson v. State, 212 Ala. 459, 102 So. 693.

[4] The point is made that the statute (Code, § 9932) is violative of section 8, Constitution of 1901, saying:

"That no person shall, for any indictable offense, be proceeded against criminally, by information," etc.

The argument seems to be that intruding into a profession being made criminal by statute, the quo warranto proceeding to prohibit such act is criminal in character, and subject to the above section.

This section relates to criminal prosecutions of indictable offenses, with exceptions named; cases wherein the accused party is to be subjected to punishment for crime theretofore committed. Quo warranto proceedings as now known are to try the right of the party to public office, or to a privilege or franchise he assumes to exercise, and, if not lawfully entitled thereto, oust him from future enjoyments thereof. They do not carry a fine or other punishment, as at common law, for past usurpation. As relates to public office, the proceeding often assumes the character of a civil suit to try the right to office as between rival claimants. Whether instituted on relation of a public official or a private person, it is not a criminal proceeding for an indictable offense within the meaning of section 8 of the Constitution. That the Legislature may provide cumulative remedies, civil, quasi criminal, or criminal, to make its legislation more effective, is illustrated by many statutes and decisions. The measure of proof and the rules for struck juries in civil cases govern the case before us. State v. Price, 50 Ala. 568; State v. Dillard, 196 Ala. 539, 72 So. 56; L. & N. R. Co. v. State, 154 Ala. 156, 198, 45 So. 296; 32 Cyc. 1414.

[5] The evidence for the state being direct, positive and undisputed that respondent was engaged in the work or profession of a chiropractor, the affirmative charge with hypothesis was properly given.

[6-8] When the court proceeded to instruct the jury, counsel requested leave to argue the case for defendant. The application was denied, exception taken thereto, and the court proceeded to give the charge requested in writing. The constitutional right to prosecute or defend civil causes by counsel has been declared to include the right of argument subject to proper supervision by the court.

Dealing with cases where the affirmative charge is properly given, the following general rules have been announced by this court as to the right of argument:

When the party holding the burden of proof wholly fails to adduce evidence to support the cause of action or defense, or where the testimony of one's own witnesses, without conflict, makes out the case of the opposing side, the court may direct the verdict by affirmative instruction without hypothesis on request in writing. In such case there is nothing to argue. The party may not assail the credibility of his own witnesses in argument.

But, if the evidence is solely from witnesses on the side of the party holding the burden of proof, the affirmative instruction must be with hypothesis, such as, "if the jury believe the evidence." This expressly submits to the jury the issue upon the credibility of the witnesses. The right to argue this issue obtains as in other cases. The rule is subject to the general right and duty of the court to confine the argument to that issue, and the legitimate matters going to the credibility of witnesses. Brown v. Mobile Electric Co., 207 Ala. 61, 91 So. 802; Reed v. Ridouts Ambulance, 212 Ala. 428, 102 So. 906; Dorough v. Alabama Power Co., 200 Ala. 605, 76 So. 963; Shipp v. Shelton, 193 Ala. 658, 69 So. 102.

For the error in denying the right of argument to counsel for appellant, the cause must be reversed.

Reversed and remanded.

All the Justices concur, except.

THOMAS, J. (dissenting). This general rule, I think, should be subject to limitations. The jury is without right to capriciously disregard the testimony of witnesses. If they testify to facts within their own knowledge, as distinguished from opinion evidence, and there appears no bias, interest, or other circumstance tending to impeach their statements, argument could only consume the time of the court and invite a verdict which it would be the duty of the court to promptly set aside on motion. The constitutional right of argument could not properly extend to such case. 1 Thompson on Trials, § 920. The trial court, hearing the evidence and observing the manner of witnesses (there being no question of amount of punishment) has some discretion in civil cases to determine whether the credibility of the witnesses is fairly debatable. Where nothing appears in the record here tending to impeach the witnesses, the same presumption against error should obtain as in other cases.

We find in this record no indication of bias, interest, or unfriendliness on the part of the witnesses toward respondent; rather the contrary.

---

[1] 214 Ala. 414.