81 So.2d 267

**P. C. WHITE**

v.

**STATE ex rel. Conrad M. FOWLER,**
Solicitor.

**7 Div. 243.**

Supreme Court of Alabama.

May 12, 1955.

Rehearing Denied June 23, 1955.

Robt. Straub, Asst. Atty. Gen., for appellee.

J. Edmund Odum, Birmingham, for appellant.

GOODWYN, Justice.

This is a proceeding in the nature of quo warranto, Code 1940, Tit. 7, § 1136, brought by the state on the relation of the solicitor of the Eighteenth Judicial Circuit charging P. C. White, appellant, a chiropractor, with intruding "into the profession of treating or offering to treat diseases of human beings, (a profession requiring a license or certificate or other legal authorization within the state), without having obtained a certificate of qualification from the State Board of Medical Examiners of the State of Alabama, or the license required by law," and further charging that he "is still unlawfully practicing said profession in Clay County, Alabama." Code 1940, Tit. 46, §§ 259, 261. The prayer of the petition is that defendant

be required "to show cause by what warrant or authority he is practicing said profession"; that he be "excluded from said profession and be prohibited from practicing the same in Clay County, Alabama, until he shall have complied with the law"; and that "such other, further and different orders and processes be made and issued by the court, as the statute in such cases provides" and that there be granted "such other, further and different relief as the nature of the case may require". A motion to quash and demurrer to the petition both, in turn, being overruled, appellant filed an answer denying the averments of the petition and trial was had before a jury. At the close of the trial the trial judge, pursuant to written request of the state, gave the general affirmative charge against defendant without hypothesizing the charge on a belief of the evidence. The jury rendered the following verdict: "We, the jury, find the issues in favor of the plaintiff and that the respondent is guilty as charged in plaintiff's petition." Judgment on the verdict was entered by the court. This appeal is from that judgment.

This is the second trial and appeal in this case. On the first trial the trial court, on request of the state, gave the affirmative charge against defendant hypothesized upon a belief of the evidence. The jury returned a verdict for the defendant. The state then filed a motion to set aside the jury's verdict and grant a new trial. This motion being granted, the defendant appealed to this court. We affirmed. White v. State ex rel. Hardegree, 256 Ala. 18, 53 So.2d 599.

It appears from appellant's brief that the grounds relied on for reversal are as follows:

I. That § 259, Tit. 46, Code 1940, supra, "is discriminatory against chiropractors in that it violates the Fourteenth Amendment to the Constitution of the United States."

II. That a practitioner of chiropractic does not, in performing the work of his profession, "intrude into the profession of treating or offering to treat diseases of human beings", and, therefore, such practitioner is not subject to the provisions of Code 1940, Tit. 46, §§ 259, 261, supra.

III. That appellant was forced to give evidence against himself in violation of Constitution 1901, Art. 1, § 6.

IV. That the general affirmative charge without hypothesis, requested by the state, should not have been given.

V. That it was error to refuse to permit appellant's attorney to argue the case to the jury.

VI. That it was error to refuse to permit appellant's attorney to poll the jury.

VII. That the trial judge failed to sign his name to the requested written charges to the jury, as required by Code 1940, Tit. 7, § 273.

VIII. That the judgment, in excluding and prohibiting appellant from practicing his profession in the State of Alabama and not limiting the exclusion and prohibition to Clay County only, was not responsive to the pleadings.

We proceed to a discussion of these grounds in the order set out:

I

■ No authority is cited in support of this ground except a reference to the Fourteenth Amendment to the Constitution of the United States. It is apparent that appellant lays little store by this ground. Counsel's argument with respect to the present law, Code 1940, Tit. 46, § 259, supra, being unfair and discriminatory in not authorizing a separate board of chiropractors for examination of chiropractors, in the manner provided for chiropodists, is something which might be persuasive with the Legislature in seeking a change in the law. However, we are unable to accept the argument as a basis for declaring the present law, as applied to the profession of chiropractic, to be violative of either the state or the federal constitution. We think it was clearly within legislative competency, in the exercise of the police power of the state, to

prescribe a method for examining chiropodists different from that prescribed for chiropractors. Although both professions involve the treatment of "diseases of human beings", within § 259, Tit. 46, supra, there are basic differences between them.

## II

■ In support of this ground, appellant cites cases from several other jurisdictions. No Alabama case is relied on. We see no need to discuss these out of state cases since the question appears to have been definitely decided by the courts of Alabama contrary to the position taken by appellant. Owen v. State ex rel. Bailes, 240 Ala. 582, 583, 200 So. 412; Donovan v. State, 215 Ala. 55, 56, 109 So. 290; Robinson v. State ex rel. James, 212 Ala. 459, 460, 461, 102 So. 693; Ex parte Wideman, 213 Ala. 170, 172, 104 So. 440, denying certiorari in Wideman v. State, 20 Ala.App. 422, 104 So. 438. See Bragg v. State, 134 Ala. 165, 32 So. 767, 58 L.R.A. 925, holding that the practice of "medicine" embraces the practice of "osteopathy".

In Donovan v. State, supra [215 Ala. 55, 109 So. 291], the defendant (appellant) was charged with treating diseases of human beings without a license. When testifying as a witness, he was asked if he treated or offered to treat diseases. Objections to these questions were sustained. On appeal here, this court said:

"* * * The steady adherence to the same form of question implies a purpose to get the doctor's opinion to the effect that chiropractic adjusting is not a treatment of disease. This is a legal question as to which he was not a competent witness. There can be no question that treatment, designed to remove the 'cause of disease,' followed as a profession for pay, is a treatment of disease within the meaning of our law. 'Chiropractics' is expressly named as one of the methods of treatment of diseases for which examination and certificate of qualification is required. Code (1923) § 2837 [Code 1940, Tit. 46, § 259]."

From Robinson v. State, supra [212 Ala. 459, 102 So. 695], is the following:

"Did the defendant treat or offer to treat diseases of human beings as charged in the application or petition? It appears from the evidence that the defendant is a chiropractor, and that he offered his services as such to the public, and treated human beings with that system. 'A chiropractor is one who practices the system of chiropractics.' 11 Corpus Juris, p. 758, h. n. 88. 'Chiropractics' is defined in 11 Corpus Juris, 758, as follows:

" 'A system of healing that treats diseases by manipulation of the spinal column; the specific science that removes pressure on the nerves by the adjustment of the spinal vertebrae. There are no instruments used, the treatment being by the hand only.'

*   *   *   *   *   *

"It is unlawful for any person to treat, or offer to treat, by any system of treatment whatever, diseases of human beings in this state without having obtained a certificate of qualification from the state board of medical examiners. Section 5191, Code 1923 [Code 1940, Tit. 46, § 262], and authorities cited in note.

"It is obvious from this evidence that this defendant, since August 18, 1924, was practicing the profession of treating diseases of human beings, and did treat diseases of human beings by the chiropractic system in Dallas county, as charged in the petition by the state, and the trial court was correct in so concluding and holding."

## III

■ The appellant was called as a witness by the state. He willingly and without objection answered questions propounded to him. At no time was any point made that he was being "compelled to give evidence against himself". He was represented at the trial by able counsel. At one point during appellant's testimony,

the trial judge directed attention to the rule against compelling an accused to give evidence against himself. Thereupon counsel for appellant stated, in effect, that no immunity was being claimed. In this situation it is clear that appellant waived any immunity from testifying, if such he had. Nothing we have said is to be taken as holding that § 6, Art. 1, Constitution 1901, could have been invoked by appellant as a basis for refusing to testify. We simply do not now pass on that question as being unnecessary to a decision.

### IV, V, and VI

■ The following general rules are well established in this jurisdiction:

"When the party holding the burden of proof wholly fails to adduce evidence to support the cause of action or defense, or where the testimony of one's own witnesses, without conflict, makes out the case of the opposing side, the court may direct the verdict by affirmative instruction without hypothesis on request in writing. In such case there is nothing to argue. The party may not assail the credibility of his own witnesses in argument.

"But, if the evidence is solely from witnesses on the side of the party holding the burden of proof, the affirmative instruction must be with hypothesis, such as, 'if the jury believe the evidence.' This expressly submits to the jury the issue upon the credibility of the witnesses. The right to argue this issue obtains as in other cases. The rule is subject to the general right and duty of the court to confine the argument to that issue, and the legitimate matters going to the credibility of witnesses. Brown v. Mobile Electric Co., 207 Ala. 61, 91 So. 802; Reed v. Ridouts Ambulance, 212 Ala. 428, 102 So. 906; Dorough v. Alabama Power Co., 200 Ala. 605, 76 So. 963; Shipp v. Shelton, 193 Ala. 658, 69 So. 102." Harris v. State, 215 Ala. 56, 58, 109 So. 291, 293.

■ It is not questioned that the evidence of both the state and the appellant shows that appellant was engaged in the practice of chiropractic. Nor is it disputed that appellant has not received a certificate of qualification under § 259, Tit. 46, Code 1940, supra. The disputed issue is the insistence by appellant that the practice of chiropractic is not an intrusion "into the profession of treating or offering to treat the diseases of human beings". That question, however, has already been determined by decisions of this court contrary to appellant's insistence. See discussion under II, supra. Therefore, the giving of the general affirmative charge without hypothesis, as requested in writing by the state, was within the stated rule and not erroneous.

■ The giving of the peremptory instruction left nothing for the jury to consider. Their only duty was to sign the verdict as directed. Hence, error was not committed in refusing to permit appellant's counsel to argue the case to the jury. Chichester v. First Nat. Bank of Birmingham, 242 Ala. 227, 229, 5 So.2d 772; Harris v. State, 215 Ala. 56, 58, 109 So. 291, supra; Reed v. Ridout's Ambulance, Inc., 212 Ala. 428, 433, 102 So. 906; Dorough v. Alabama Power Co., 200 Ala. 605, 607, 76 So. 963. Nor was it error to refuse the request of appellant's counsel to poll the jury. Harris v. State, supra; Reed v. Ridout's Ambulance, Inc., supra. As stated in the Reed case, at page 433 of 212 Ala., at page 910 of 102 So.:

"* * * But when, as in the case of a peremptory instruction, no issue is submitted to the jury, and their bounden duty is to render a verdict according to the instruction, there is obviously nothing to be argued. Dorough v. Alabama Power Co., 200 Ala. 605, 76 So. 963; 38 Cyc. 1589. Certainly counsel could not, consistently with their own duty, advise the jury to violate their duty, by willful disobedience to the instruction given to them by the judge of the court. A peremptory instruction leaves nothing for

the jury to consider or discuss, and their office is perfunctory and formal only; that is, to sign the verdict as directed. Patterson v. Alabama F. & I. Co., 194 Ala. 278, 69 So. 952.

"The foregoing principles make it clear that the right to poll the jury does not exist in the case of a directed verdict, and so the authorities all hold. 38 Cyc. 1874, and cases cited in note 62. As observed by the Illinois court:

" 'When the court directs a verdict an issue of law is raised upon the whole case, and there is no fact for the jury to find. To poll a jury upon the rendering of such a verdict would be an idle ceremony, resulting in no possible benefit to any one. Donoghue v. Indiana & L. M. Ry. Co., 87 Mich. 13 [49 N.W. 512]; Bell v. Hutchings, 86 Ga. 562 [12 S.E. 974].' Kinser v. Calumet Fire-Clay Co., 165 Ill. 505, 46 N.E. 372."

## VII

██ In brief of counsel for appellant it is stated that the requested written charges to the jury, instead of being signed by the trial judge as required by Code 1940, Tit. 7, § 273, were stamped with a rubber stamp bearing the judge's name. If such was the case, there is nothing in the record to indicate it. When the record does not disclose the fact assumed as a ground of an assignment of error, such ground for error cannot be considered on appeal. Davis & Co. v. Thomas, 154 Ala. 279, 283, 45 So. 897. On appeal, all questions must be determined by the record, and matter dehors the record will not be considered to contradict the record. Bell v. Bell, 245 Ala. 513, 514, 17 So.2d 872.

## VIII

██ It is argued that it was error to prohibit appellant from practicing throughout the state since the petition sought only to prohibit him from practicing in Clay County. While the petition specifically prays that defendant be prohibited from practicing in Clay County, it also contains a prayer for "such other, further and different relief as the nature of the case may require". We judicially know that the requirement of a certificate of qualification under §§ 259 and 261, Tit. 46, Code 1940, supra, is co-extensive with the state and that, without such certificate, appellant will not be authorized to practice anywhere in the state. Our view is that error was not committed in prohibiting appellant from practicing throughout the state. This conclusion is supported by the case of State ex rel. Weatherly v. Birmingham Water Works Co., 185 Ala. 388, 414, 64 So. 23, 31, Ann.Cas.1916B, 160, where it was said:

"The merit of the information rests upon neither the theory of the pleader, nor his notions of the appropriate relief to be granted, but primarily upon its allegations of misconduct. If these be sufficient to show a cause of action, the court may administer such appropriate relief as is germane to the general nature and purpose of the proceeding."

This seems to be the general rule, thus stated in 74 C.J.S., Quo Warranto, § 49, p. 270:

"The relief to be granted does not necessarily depend on the relator's theory of appropriate relief, or the prayer for relief, although it has also been held that the lack of a proper prayer may, under some circumstances, result in a refusal of the ouster; but rather it depends on the general purpose of the proceeding, the allegations of the complaint, and the evidence."

From what we have said it follows that the judgment appealed from is due to be affirmed. It is so ordered.

Affirmed.

All the Justices concur, except MAYFIELD, J., not sitting.