168 So.2d 600

**AMERICAN SERVICE MUTUAL IN-SURANCE COMPANY**

v.

**Robert S. WESTFALL et al.**

**4 Div. 149.**

Supreme Court of Alabama.

Sept. 3, 1964.

Rehearing Denied Nov. 19, 1964.

Lee & McInish, Dothan, and Brown & Steagall, Ozark, for appellant.

Chas. L. Woods and Chas. O. Stokes, Ozark, for appellees.

**PER CURIAM.**

Appellant filed its declaratory petition in the Circuit Court of Dale County, in Equity, to obtain a judicial determination of its legal status with respect to an automobile insurance policy issued by it to appellee Robert S. Westfall, who is defendant in a suit filed in said Circuit Court by respondent Billy M. Faulk, administrator of the estate of his deceased daughter, to recover damages under the Homicide Statute for the death of said minor child. From an adverse decree of the trial court, based on the verdict of a jury, which was demanded, petitioner in the court below here appeals.

The pleading and the evidence support our observation that the policy which appellant issued insured a one-half ton pickup truck, described by motor number, which was the property of appellee Westfall, a soldier in the Army at Fort Rucker. This policy contained a provision, "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile." And also it contained an agreement "to defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *." A rider or endorsement was appended to the policy which contained a provision that "No coverage of any kind is extended under this policy in respect to any accident occurring while the vehicle hereunder insured is being used (1) *for any commercial purpose* * * *." (Emphasis supplied.)

It further appears from the undisputed evidence that at the time the policy was issued and at the time of the accident (within the time limit of the policy) the insured, Westfall, operated a trailer parking lot upon which before, at the time and subsequent to the accident he rented space to respondent Faulk and others for use in parking their house trailers; that he furnished such trailer tenants, for a consideration of $15 per month, ground space, water, sewage connections, clothes lines, and other services, including garbage disposal. Westfall was enroute to remove garbage at the trailer of respondent Faulk when the tragic accident occurred.

It further appears from the evidence, without dispute, that insured Westfall, when he submitted his application for the policy of insurance, the subject matter of this suit, informed Mr. Snellgrove, agent of appellant with whom he was dealing, in words: "I told him that I was a soldier, and at the time I got it, the main purpose was, the truck, was for removing trash. I had been doing this with my automobile, but at the time I had several trailers there and could no longer handle it with my automobile."

The pivotal question here presented is whether or not the exclusionary provision of the policy served to exempt appellant from the obligation in the policy to pay on behalf of insured (Westfall) all sums which he might become obligated to pay Faulk for the death of his daughter; and also whether the insurer is obligated to defend the suit filed by Faulk against Westfall for such recovery. The trial court in effect held that the insurer was obligated to pay within the limits of the policy and to defend.

None of the parties to this appeal has cited us any case, within or without the State of Alabama, that in our judgment is in point and decisive of the issue above noted; nor have we in our research been able to find one.

One important fact is that the insured vehicle was a one-half ton pickup truck, the dominant use of which was the transportation of tangibles consonant with its load capacity—light hauling. The fact that the truck might have been available on occasions for transporting passengers does not detract from the main purpose for which the truck was designed and built. This, the appellant and its agent knew when they received the application for the policy; also the agent was informed at the time by Mr. Westfall that the truck would be used to remove trash at the trailer park.

Being so informed through its agent and with knowledge imparted by the application that the vehicle to be insured was a one-half ton truck, inherently and dominantly available for transportation of tangibles within its tonnage capacity, appellant elected to employ words in its exclusionary clause, "any commercial purpose," without further definitive explanation.

We think it is common knowledge, of which we take judicial notice, that trucks of this character are used by farmers in their farming operations, in mercantile establishments for delivery purposes, and in various capacities in furtherance of commerce, both intrastate and interstate.

So if we give these exclusionary words a broad and comprehensive meaning or interpretation, with application to all forms of commercial and business transactions or operations, we would exclude from coverage practically all uses of the truck except to transport passengers.

The exclusionary words, in the light of the character of the insured vehicle, its potential uses, and the statement made by the insured, Mr. Westfall, to the agent, Mr. Snellgrove, are ambiguous. We cannot say as a matter of fact or law from the employment of these words, under the facts and circumstances here presented, just what use of the truck the insurer intended to exclude from coverage. Certainly, it did not intend to exclude every business or commercial use

to which the truck might be put, and make an empty gesture of liability coverage.

■ Furthermore, we think that a broad and comprehensive application of the exclusionary words, excluding from coverage all business and commercial use of the truck, would be contrary to the manifest intention of the parties to the contract of insurance, thereby defeating an intention to insure some use of the truck in transporting tangibles for which it was designed and constructed.

By a long line of decisions we have held that insurance policies should be liberally construed in favor of the insured and strictly against the insurer (Safeco Insurance Company of America v. Banks et al., 275 Ala. 119, 152 So.2d 666); also in the same case that ambiguities are resolved in favor of insured.

■ We might state parenthetically that there was no controverted factual issue for the jury to decide. The complainant's only witness as to facts was the respondent Westfall, whose testimony was not contradicted, disputed or challenged. There were no witnesses for respondents. Petitioner failed to adduce any evidence supporting its contention of non-coverage. The issue was a question of law for the court. A directed verdict for respondents should have been given. White v. State ex rel. Fowler, 262 Ala. 694, 81 So.2d 267(6).

■ However, submission to the jury without a directed verdict was error without injury. Rule 45, Revised Rules of the Supreme Court of Alabama.

It is ordered that the decree of the Circuit Court be and the same is affirmed

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.