HOLMES, Judge.
This is a divorce case. The wife appeals and contends that the trial court erred to reversal in its division of property and award of alimony in gross. We find no such abuse of discretion by the trial court and affirm.
Viewing the record with the attendant presumption of correctness, we find the following pertinent facts: The parties were married in 1969. The wife worked most of her adult life as a cosmetologist. She ceased work in 1973. She now suffers from arthritis. The husband is employed and earns in excess of $20,000 per year.
During the marriage, the husband and wife entered into several joint enterprises. These enterprises were in large measure real estate transactions. Both parties apparently received benefits from these transactions.
After an ore tenus hearing, the trial court entered a decree dividing the entire assets of the parties and made an award of alimony in gross to the wife. This decree in part provides as follows:
“IT IS FURTHER ORDERED that the Defendant have the exclusive use of the home of Plaintiff and Defendant which is located at 82 Riverdale, for a period of six months from the date of this Decree. During this six months period, the mortgage payments shall be paid by the Plaintiff. Further, during this same period of six months, the utilities of said 82 River-dale shall be paid by the Plaintiff, but not the telephone bills.
“IT IS FURTHER ORDERED that the said 82 Riverdale shall be sold at the end of a period of six months from the date of this Decree. The Plaintiff and the Defendant shall join in the sale of the said property. From the gross sales price *581 the expense of the sale shall be subtracted. Likewise, the balance owed on the mortgage shall be paid from the gross sales price. Further, from the gross sales price shall be paid that certain $8,500.00 which is owed by Plaintiff and Defendant to the First National Bank of Tuskaloosa. Then the balance of the gross sale which remains shall be divided such that the Plaintiff shall receive 14 of the remainder and the Defendant shall receive % of the remainder.
“IT IS FURTHER ORDERED that the Defendant shall have her choice of either of the following lots of property, and the Plaintiff shall have the other:
“LOT ONE: That certain note owed.to Plaintiff and Defendant by Indian Lakes which is a debt receivable in the approximate amount of $10,500.00; or,
“LOT TWO: Lot Number 122 Covey Chase, together with the balance owed to the grantor on the purchase money mortgage, and also the duty to pay the amount of $3,500.00 owed to First National Bank of Tuskaloosa.
“IT IS FURTHER ORDERED that for a period of six (6) months from the date of this Decree the Plaintiff shall pay unto the Defendant as alimony in gross the sum of one Hundred and No/100 ($100.00) Dollars per month. Thereafter, the Plaintiff shall pay as alimony in gross unto the Defendant for the following period of eighteen (18) months the sum of $150.00 per month. Thereafter, the Plaintiff shall pay as alimony in gross unto the Defendant for the following period of twenty-four (24) months the sum of $100.00 per month. Thereafter, the Plaintiff shall not be indebted to pay any further sums to the Defendant as alimony or otherwise.
“IT IS FURTHER ORDERED that the Plaintiff and Defendant shall share equally the proceeds from those two income tax refunds received by the Plaintiff from the State of Alabama and from the U. S. Internal Revenue Service, which sum totals approximately $1,054.00.
“IT IS FURTHER ORDERED that of the two automobiles which were obtained by Plaintiff and Defendant and which they still possess, the Plaintiff shall receive the exclusive rights, title and interest to the 1976 Grand Prix, together with the indebtedness owed on it, and the Defendant shall receive the exclusive right, title and interest to the 1974 Cadillac.
“IT IS FURTHER ORDERED that the furniture owned by Plaintiff and Defendant, which is located in the residence at 82 Riverdale shall be equitably divided by the parties by their mutual agreement. If, however, such an equitable division cannot be agreed on, then upon petition by either or both parties, the Court will effect an equitable division.”
To summarize, the wife was given exclusive use of the family home for six months with the husband to make all mortgage and utility payments. At the end of six months, the home was to be sold and the balance, after deducting selling costs and a note of $8,500.00, was to be divided % to the wife and xk to the husband.
The wife was also to receive alimony in gross totaling $5,700 to be paid over a period of four years. The wife was given a 1974 Cadillac with the husband receiving a 1976 Grand Prix. Additionally, the wife had the choice between a $10,500 note re-’ ceivable and a parcel of land subject to certain encumbrances. A tax refund of approximately $1,000 was also divided equally between the parties.
The wife, through able counsel, contends the trial court abused its discretion in the division of property. This contention is bottomed on the premise that the wife had a separate estate at the time of the marriage of approximately $100,000. This estate consisted of cash kept in a safe by the wife and of monies in various savings accounts allegedly owned by the wife.
It is the wife’s position that the trial court failed to give proper consideration to this separate estate in making its award. See Code of Ala.1975, § 30-4-1.
The only evidence regarding the substantial amount of money which made up the wife’s separate estate is her own testimony. *582 The husband’s testimony however does indicate that the wife did contribute some funds to their various enterprises.
We find that in this instance the amount of the wife’s separate estate was a question of fact for the trier of fact. See 18A Ala.Digest Trial 142, 143. See also White v. State, 262 Ala. 694, 81 So.2d 267 (1955); Mutual Life Ins. Co. of N. Y. v. Sargent, 51 F.2d 4 (5th Cir. 1931).
As noted above, the wife testified as having a separate estate totaling approximately $100,000 plus. The husband however testified that the wife contributed $30,000 to their joint ventures in real estate. Suffice it to say, the wife had no records as to the cash in the safe nor did she remember the last time the money was counted or when it was disbursed. The husband testified he knew of the existence of the safe but not its contents. The record further reveals a conflict in testimony concerning the existence of and transactions with the wife’s purported savings accounts. These conflicts in testimony were to be resolved by the trial court.
In view of the presumption accorded the trial court’s decree, keeping in mind that a division of property in a divorce proceeding does not have to be equal and must stand on its own facts, see 8 Ala.Digest Divorce 252, we find no abuse of discretion in the division of property.
The wife further contends the trial court erred in that the trial court did not “put enough emphasis on the wife’s total disability” in its award of alimony. We find no merit in the contention.
The record reveals the trial court did consider the wife’s disability and poor health in determining the equities in this case. To say the trial court did not put enough emphasis on this matter would require this court to substitute its judgment for that of the trial court. This, the law does not allow. See Sutton v. Sutton, 55 Ala.App. 254, 314 So.2d 707 (1975).
In view of the above, no purpose would be served in commenting on the remaining issue raised by the wife.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.